W. W. SMITH *v.* THOMAS MULHERN ET AL.

ATTACHMENT.   *Garnishment.   Jurisdiction.   Territorial limits.*
The courts of the county of a garnishee's residence have jurisdiction of an attachment against a householder who resides in another county, to whom the garnishee is indebted. *Cain* v. *Simpson*, 53 Miss. 521, distinguished; *Barnett* v. *Ring*, 55 Miss. 97, cited.

ERROR to the Circuit Court of Noxubee County.
Hon. JAMES M. ARNOLD, Judge.

The plaintiff in error sued out an attachment before a justice of the peace in Noxubee County against Thomas Mulhern, his debtor, under Code 1871, § 1420, and Thomas Henry, a

resident of the county, was summoned as garnishee. Mulhern was not found, but was published for as a non-resident, and on the return day, his counsel appeared with an affidavit, alleging that he was a householder and resident of Madison County, and moved to dismiss the suit. The motion was overruled by the magistrate, and no further defence being made, judgment was entered, subjecting the fund in the hands of the garnishee. The defendants in error appealed to the Circuit Court, where the motion was renewed upon the same affidavit and sustained.

*Thomas J. O'Neill*, for the plaintiff in error.

As the affidavit for attachment was under Code 1871, §§ 1419, 1420, the defendant, if he desired to contest it, should have pleaded in conformity with §§ 1459, 1461, and if injured, redress is furnished by § 1462. Code 1871, § 1303, requiring householders to be sued in the district of their residence, does not apply to attachments against debtors. The attachment law must be construed liberally for the benefit of creditors, the suppression of fraud, and the advancement of justice. *Wheeler* v. *Slavens*, 13 S. & M. 623. Obviously the decision in *Cain* v. *Simpson*, 53 Miss. 521, is inapplicable to an attachment suit. Any act which constitutes fraud gives jurisdiction by attachment in the county where it is committed, if property of the debtor can be found there. *Evans* v. *Mills*, 16 Texas, 196. The question is settled in favor of the plaintiff in error by the case of *Barnett* v. *Ring*, 55 Miss. 97.

*Rives & Rives*, for the defendants in error.

The only question presented by this record is settled in the case of *Cain* v. *Simpson*, 53 Miss. 521. No statute establishes a different rule as to venue in attachment cases from the one which prevails in other proceedings. The case of *Barnett* v. *Ring*, 55 Miss. 97, establishes no such distinction, but rather the contrary. The rule is the same in all actions of assumpsit, whether begun by attachment or otherwise. When the action is brought in a different county from that of the defendant's residence, his course is to apply for a change of venue if the suit is commenced in the Circuit Court. But if the action is brought before a justice of the peace, as no pro-

vision for change of venue exists, his motion to dismiss must be sustained.

CAMPBELL, J., delivered the opinion of the court.

The courts of Noxubee County had jurisdiction of the attachment. The fact that the defendant had effects in that county made it proper to sue out an attachment there, returnable to the proper court of that county, although the defendant resided in another county. *Barnett* v. *Ring*, 55 Miss. 97. It was improper to dismiss the case. If the defendant desired to controvert the affidavit made by the plaintiff to obtain the attachment, his course was to plead in abatement, when an issue would have been made and tried as directed by the statute. Code 1871, § 1458, *et seq.* We have decided that a freeholder or householder must be sued in the county of his residence. *Cain* v. *Simpson*, 53 Miss. 521. But this applies to the suit by summons provided for by § 1305 of the Code, and not to attachments which are governed by a different law, which makes jurisdiction to depend, not on the residence of the defendant, but on the presence of his effects, against which the attachment may be directed. The law confers on the creditor of one who subjects himself to the extraordinary remedy by attachment the right to obtain this process in any county in which may be found any effects of the defendant subject to it. The presence of a debtor of the defendant who may be garnished is sufficient to confer jurisdiction of the attachment in which such debtor is garnished upon the proper court of the county of the residence of the garnishee. The statute has guarded the right of the defendant in an ordinary action by summons to be sued where it may be supposed it is convenient for him to defend; but in the extraordinary proceeding by attachment, the right of the creditor to seize the effects of his debtor is of paramount consideration, and therefore he is authorized to sue out his attachment where such effects are, without regard to the residence of the defendant in a particular county. The affidavit and bond required of the attaching creditor are intended as safeguards against abuse of the process of attachment, and a protection to the debtor against its wrongful employment; and for a wrongful suing out of an attachment,

the damages which may be awarded the defendant are designed as an indemnity to him, and experience proves that defendants generally find the damages awarded ample compensation for any wrong done them.

*Judgment reversed and cause remanded.*