## J. F. BAUM & CO. *v.* A. F. BURNS ET AL.

1. ATTACHMENT. *Venue.*
    The proper court in the county of a garnishee's residence has jurisdiction of an attachment suit against a defendant to whom he is indebted, although the defendant is a householder resident in another county in this state.

2. JURISDICTION, WHEN DEPENDENT ON INDEBTEDNESS OF GARNISHEE.
    When the jurisdiction in attachment depends alone upon the indebtedness of the garnishee, and either the answer of the garnishee or the proof, if his answer is controverted, shows that the garnishee is not indebted to defendant, the attachment must be dismissed for want of jurisdiction; unless by *alias* writ of garnishment or attachment jurisdiction is obtained.

3. CHANGE OF VENUE. *Jurisdiction by garnishment.*
    The statute (code 1880, § 1498), which provides that where a citizen, resident in this state, shall be sued in any action not local out of the county of his household and residence, the venue shall be changed on his application to the county of his household and residence, does not apply in favor of a defendant in an attachment suit brought in another county, where jurisdiction has been secured by levy upon the effects or debts of the defendant.

4. TRANSFER OF SUIT TO COUNTY OF DEBTOR'S RESIDENCE. *Not applicable to attachment suits.*
    The said statute applies only to civil actions begun by ordinary summons, and not to attachment suits, the jurisdiction in which is not dependent upon the residence of defendant. The venue in attachment suits can only be changed for causes enumerated in § 1502 of the code, which prevent a fair and impartial trial in the county where such suits are pending.

5. UNAUTHORIZED REMOVAL. *Judgment void. Case in judgment.*
    If upon defendant's application an attachment suit be removed to the county of his residence, and a judgment is there rendered in his favor for damages against the plaintiff and his bond, the judgment will be void for want of jurisdiction.

APPEAL from the circuit court of Smith county.

HON. A. G. MAYERS, Judge.

This was an attachment suit brought by appellants, J. F. Baum & Co., against appellees, A. F. Burns, Robert Burns, and A. G. McLaurin, in the circuit court of Lauderdale county. All of the defendants resided in Smith county, where they were found and summoned. The plaintiffs suggested in their affidavit for attachment that Marks, Rothenburg & Co., residents of Lauderdale county, were indebted to defendants, and they were served as garnishees. The garnishees answered, denying indebtedness.

The case was then, upon the application of defendants, removed to Smith county, the county of their residence. The record discloses no petition for removal, or affidavit in support thereof, but only the order of the court reciting that the venue was removed " upon the application of defendants to Smith county, the residence and homestead of defendants." After the removal to Smith county each of the defendants appeared and traversed the grounds of attachment.

The plaintiffs failed to file a declaration, or otherwise to prosecute the suit, and it was accordingly dismissed. Whereupon defendants asked for and were awarded a jury to assess the damages sustained by the wrongful suing out of the attachment and a verdict and judgment resulted in favor of each of them against the plaintiffs and sureties on the attachment bond.

The plaintiffs have appealed, and assign for error that the circuit court of Smith county was without jurisdiction, and its judgment was void.

*Woods & Williams,* for appellants.

The cause was improperly removed to Smith county. In the first place, the statute regulating change of venue was not complied with. Until this was done, the one county could not lose nor the other obtain jurisdiction. *Wilson* v. *Rodewald,* 49 Miss. 506. There was no petition sworn to for removal. The order simply recites that it was made on the application of defendants. Such an order, without a sworn petition, can confer no jurisdiction on the court to which the venue is sought to be changed. *Wilson* v. *Rodewald, supra;* Code 1880, § 1505.

In the second place, this is a local action, and the venue could not be changed unless it be shown that some of the special reasons set out in § 1502 existed.

The fact that the garnishees lived in Lauderdale county gave that court jurisdiction. Code, § 2418. Attachment is a local action, a proceeding *in rem,* and it is more essential to have a levy upon the property or debts of defendant than to have a service upon him personally. Without the levy the court is powerless to proceed in the case. If we are correct, the circuit court of Smith county was without jurisdiction and its judgment was void.

*A. J. McLaurin, Huddleston & Nichols,* and *W. H. Jones,* for appellees.

The defendants were householders and residents in Smith county, and at the return term of this attachment in Lauderdale county made application to have the venue changed to Smith county, which was granted by the court. Code 1880, § 1498; *Christian* v. *O'Neal,* 46 Miss. 675; *Cain* v. *Simpson,* 53 Miss. 521.

The plaintiffs having failed to file a declaration or prosecute their suit an order of *non pros.* was properly taken. Code 1880, § 2441, and this is presumed to have been correctly done. *Grant* v. *Planters' Bank,* 4 How. 326; *Balfour* v. *Mitchell,* 12 S. & M. 629; *Byrd's Case,* 1 How. 162; *Leath* v. *Wright,* 2 How. 774.

The jury to assess the damages was properly awarded. Code 1880, § 2432.

It is not claimed or shown that the damages awarded to defendants were excessive. But it is contended that no damages were sustained, because no property was seized, only garnishees summoned. In our state damages are "sustained by reason of suing out the attachment." Code 1880, § 2432; *Anspach* v. *Relf. and Life Insurance Association,* MSS.; *Marqueze* v. *Sontheimer,* 59 Miss. 442.

Plaintiffs did not dismiss their case until it reached Smith county, and thus they forced defendants to appear and defend. One element of damages is the expense of making defense to the attachment proceeding. *Marqueze* v. *Sontheimer, supra.*

Every presumption is in favor of the judgment.

This case is not, as appellants contend, a local action. This court has said, "the only local actions under our statute are ejectment

:and actions of trespass for injuries to land." *Oliver* v. *Loye*, 59 Miss. 323. For this reason the case of *Wilson* v. *Rodewald*, cited, ·does not apply.

The petition and oath, required by § 1505 of the code, are not necessary in cases like this. Said section expressly excepts removal of suits commenced out of the county of defendant's residence.

ARNOLD, C. J., delivered the opinion of the court.

The proper court of a garnishee's residence, has jurisdiction of :an attachment against a householder who resides in another county to whom the garnishee is indebted. *Smith* v. *Mulhern*, 57 Miss. 591. But when, as in this case, the jurisdiction depends on the indebtedness ·of the garnishee to the defendant in attachment, if the garnishee owes nothing and has no effects of the defendant in his hands, or if he .so answers, and his answer is not successfully controverted, the suit fails and should be dismissed for the want of jurisdiction, unless ·this result is avoided by other process which may be issued under ·§ 2421 of the code at the instance of the plaintiff in attachment. *Smith* v. *Mulhern, supra*; *Ellison* v. *Lewis*, 57 Miss. 588. The .answer of a garnishee may be traversed at any time during the term at which it is filed, and assuming that the jurisdiction of the court in Lauderdale county may have been maintained by the .answer of the garnishee being controverted, or by the issuance of other process through which property or debts of the defendants may have been found in that county, *Smith* v. *Mulhern, supra*, is ·conclusive against the change of venue to Smith county.

The change of venue was not made to some convenient county, under § 1502 of the code, on account of undue influence, prejudice ·existing in the public mind, or other cause alleged which would have prevented the defendants from obtaining a fair and impartial ·trial in Lauderdale county, but it was made under § 1498 of the ·code, on the ground that the defendants were sued out of the county ·of their household and residence. Section 1502 of the code applies to all civil actions, but § 1498, only to ordinary civil actions, and it _requires, that with the exception of local actions, and unless other-

wise provided, they shall be brought in the county of the defendant's household and residence, and that *if brought in any other* county, the venue may be changed on his application to the county of his household and residence.

Suits by attachment, are governed by a different law. Under § 2418 of the code, they may be brought in any county in which the defendant may have property or debts, or in which he may be found, and there is no provision in such case, for a change of venue to the county of his household and residence. The only change of venue allowable to the defendant in an attachment suit, is that provided by § 1502 of the code. So that, according to our statutes, when a debtor is sued in an ordinary action, not local or otherwise provided for, his convenience is consulted as to where the suit shall be brought and conducted, but when he subjects himself to the extraordinary remedy by attachment, the rights of the creditor are placed above the convenience of the debtor. The affidavit and bond required of the attaching creditor, are then deemed sufficient safeguards for the protection of the debtor in any county in which he may have property or debts.

The change of venue from Lauderdale to Smith county was without authority of law, and the court in the latter county acquired no jurisdiction, and its judgment is void.

*The judgment is reversed, and the cause dismissed as to Smith county.*