John T. McCloud, use of Samuel A. Carly, v. James F. McCullers.

ATTACHMENT. *Garnishment. Change of venue. Code* 1892, § 2147.

A defendant in attachment cannot avail of the right to a change of venue given by Code 1892, § 2147, to garnishees who reside out of the county and whose answers are controverted.

From the circuit court of, first district, Coahoma county. Hon. Samuel C. Cook, Judge.

McCloud, appellant, suing for the use of Carly, was plaintiff, and McCullers, appellee, was defendant, in the court below. From a judgment in defendant's favor, the plaintiff appealed to the supreme court. The opinion states the facts.

*J. W. Cutrer,* for appellant.

In the present case two of the garnishees resided in the first district of Coahoma county, and it does not lie in the mouth of the defendant below, appellee here, to contend that his legal rights were violated because these garnishees were garnisheed in the second district, for the judgment by default in the court of Landers, justice of the peace, was conclusive against defendant so far as concerned the question of jurisdiction, but the defendant carried his appeal to the circuit court of the second district of Coahoma county, and there applied for and was granted a change of venue to the first district, solely on the ground that two of the garnishees resided in the first district.

Upon what principle the court of the second district acted in granting this transfer it is difficult to perceive. The only persons who had a right to object to the jurisdiction of the court to which the appeal was taken from the judgment of the justice of the peace, were the garnishees themselves. Section 2147, Code 1892.

The venue may be changed "on his (the garnishee's) application." What warrant can be found in this section for the contention that the defendant has the right, on his own motion, to transfer the cause to the district wherein the garnishee resides? Surely nothing can be clearer than that this provision was intended for the protection of garnishees and not as a device whereby debtors can hinder and delay attaching creditors.

*D. A. Scott,* for appellee.

The only complaint which can possibly be made in this court by the defendant must necessarily be based upon the supposed error of the lower court in transferring the case from the second to the first judicial district of Coahoma county. Under the facts, however, it appears manifest that the action of the court below in this regard was entirely correct for the reason that the circuit court of the second district had no jurisdiction whatever in the premises.

In many particulars the case at bar is identical with the case of *Nations* v. *Lovejoy,* 80 Miss., 401 (s. c., 77 Miss., 36), and under the decision of this court in the said last mentioned case it is insisted the case at bar should be affirmed.

Argued orally by *J. W. Cutrer,* for appellant.

CALHOON, J., delivered the opinion of the majority of the court.

An affidavit for an attachment for debt, on the ground that McCullers had removed or was about to remove his property out of the state, and that he had converted or was about to convert his property into money or evidences of debt, with intent to place it beyond the reach of his creditors, was made before a justice of the peace, who had his office in Clarksdale, in the second judicial district of Coahoma county. This was accompanied by a suggestion of the names of garnishees. The writ, pursuant to this affidavit, was duly served in Clarksdale on all the

three named garnishees, one of whom, living in that second district, answered, denying any debt to McCullers, and his answer was not disputed. The other garnishees, also duly served in Clarksdale, in the second district, were residents of the first district; but each answered, acknowledging that he owed McCullers, in a sum specified, and there was no contravention of the answer of either, and neither asked any change of venue to the district of his residence. The justice of the peace gave judgment by default against McCullers, who had been duly served with process in Washington county, where he lived, and he gave bond for appeal, and the justice of the peace sent the record up to the circuit court of the second district of Coahoma county. This appeal bond did not show to which circuit court district of Coahoma county the appeal was taken, but the circuit court allowed McCullers to amend it by showing in it that it was to the first district, and then sustained his motion to "transfer this cause" to the first district on the ground that the garnishees were all along residents of that district. This motion was sustained more than a year after the appeal papers were filed, and after issue joined on traverse of the affidavit, and after depositions taken and other proceedings had, and in the circuit court of the first district plaintiff had judgment that his attachment was rightfully sued out, but McCullers won on the debt issue.

There can be and is no controversy that the justice of the peace had jurisdiction to try the case, and that the circuit court for the second district had it on the appeal, unless it was defeated by the fact that the garnishees who were duly served as garnishees in the second district were in truth residents of the first district, as shown by agreement to be the fact. *Baum v. Burns,* 66 Miss., 124 (5 So. Rep., 697). We know of no law giving the right to a defendant in attachment for debt to object to the venue because the garnishees might do so on their own account. Here they do not object to the venue, and there is no contest of their answers admitting debt to defendant. They themselves could not have the venue changed unless contest of

their answer was made.    Code 1892, § 2147; *Christian* v. *O'Neal,* 46 Miss., 669, applied this principle to defendants not objecting who were served with process.    We think it was error to transfer the cause from the second to the first district.

*Reversed and remanded.*

WHITFIELD, C. J., delivered the following opinion, concurring in the conclusion.

We all agree that the order for the transfer is supported by no statute and is utterly void.    I think that disposes of the case, and prefer standing on that alone.