Smith *v.* Downey *et al.*

No. 674.

## SMITH *v.* DOWNEY ET AL.

GARNISHMENT.—*Certificate of Stock of Foreign Corporation.—Nonresident.Defendant.—Not Subject to.—Replevin.—Answer of Res Adjudicata, Sufficiency of.*—Suit was brought in this State against a nonresident, notice being given such defendant by publication. Proceedings in attachment and garnishment were instituted, which resulted in the garnishment of a certificate of stock of a foreign corporation, belonging to defendant, and held in trust for him, the only appearance, answer, or defense to such garnishment proceeding being an answer by the garnishee defendant, admitting that he held the certificate of stock as the property of the defendant. The defendant in the principal action was defaulted, and judgment being rendered against him, the certificate of stock was ordered to be sold. The defendant instituted an action in replevin against above plaintiff for recovery of possession of the certificate of stock. The defendant answered, setting up the above facts as a plea of *res adjudicata* in defense to the action.

*Held,* that the answer was insufficient on demurrer, it appearing that the principal defendant (plaintiff here) in the garnishment proceedings was a nonresident, and that the certificate of stock was issued by a foreign corporation, and, hence, not subject to garnishment in this State.

From the Marion Circuit Court.

*A. C. Harris* and *L. A. Cox,* for appellant.

*S. M. Shepard, A. C. Ayres* and *A. Q. Jones,* for appellees.

DAVIS, J.—In the court below, in an action of replevin, appellees recovered judgment against appellant for the possession of "a certain certificate of stock issued by the Snow-Storm Mining and Milling Co., of Durango, Colo., an incorporated company existing in and created under the laws of the State of Colorado, and doing business therein, the said certificate consisting of 110,000 shares of said stock."

The principal question presented for our consideration

on this appeal arises on the ruling of the court below in sustaining a demurrer to appellant's answer.

The material facts alleged in the answer are, that appellant, in 1887, instituted an action in the Marion Superior Court, against James E. Downey, to recover damages for breach of covenants in a deed of warranty for conveyance of real estate; that said Downey was a nonresident of the State, and due notice was given him of the pendency of the action by publication as required by statute; that an affidavit in attachment against Downey, and an affidavit in garnishment against Theodore P. Haughey, a citizen of Marion county, Indiana, were duly filed, alleging that Haughey had in his possession, and under his agency and control, property credits and effects of said James E. Downey which could not be reached by a writ of execution, and that proper writs of attachment and garnishment were issued, and said Haughey was duly served as such garnishee defendant, and that said corporation was also duly served with a writ of garnishment issued on proper affidavit, charging that said company held property rights and credits of said James E. Downey which could not be reached by execution; that said Haughey afterwards appeared and filed his answer in said cause, admitting that he had in his possession, at the time of said service, the said property of said Downey, hereinbefore described.

It is also alleged in said answer, that said corporation had its office and place of business, and its books and papers, in Indianapolis, in said county, and that its officers and directors were citizens of, and resided in, said county of Marion; that on failure of said James E. Downey and said company to answer, they were each duly called in open court, and made default, and that the cause, being at issue as to Haughey, was submitted to the court for trial, on the 5th day of June, 1888, on said

answer of Haughey, and the default of the other defendants, and resulted in judgment in favor of appellant against James E. Downey for $5,950, also sustaining the attachment proceedings and ordering the sale of the shares of stock evidenced by said certificate.

It is also averred in said answer, in general terms, that said James E. Downey "at one time, by counsel, appeared in said suit," but when, how, or for what purpose he so appeared is not stated, and, also, it is in like manner alleged that appellees were represented in said suit by counsel, who defended said suit as to the attachment and garnishment proceedings for the purpose of protecting said certificates and stock from being held by said attachment proceedings as the property of James E. Downey, but when, how or through what issue such defense was made or attempted, is not stated.

The answer of Haughey was an admission that he held the certificates of stock now in controversy as the property of James E. Downey, and the other defendants made default.

It is earnestly insisted, by counsel for appellant, that this answer is good as a plea of res adjudicata.

In the first place, notwithstanding the unsatisfactory character of the averments in relation to the connection of appellees with the former suit, and the apparent inconsistencies between such averments, and the other facts which appear in the answer, it might be conceded, if it appeared that any answer had been filed or defense made by or in the name of James E. Downey, that appellees would be bound by the result as fully as said Downey might be. Roby v. Eggers, 130 Ind. 415.

Yet the difficulty remains, so far as shown in the answer, that no defense was made or attempted by or in the name of Downey or any other defendant to the action.

The doctrine of res judicata, as to persons who are not parties to the record, can only arise by virtue of some issue joined or contest made in the name of another, and it logically follows that when there is no such issue joined there can be no former adjudication. For the same reason the answer can not be sustained on the theory that it shows there is a prior action pending between the same parties. The appellees can not be regarded, under the facts stated therein, as attachment defendants under section 1266, R. S. 1881.

If appellees had been joined as defendants in the former action, or if they had appeared therein by counsel to sustain or contest any issue joined between the parties, a different question would be presented. The facts disclosed in the answer, however, clearly show there was no such issue tendered or contest made.

The statement that James E. Downing "also, at one time, by counsel appeared in said suit," should not be construed as an averment that he appeared to the attachment and garnishment proceedings, but if such construction was given, it could not, in any event, be so extended as to hold that an answer had been filed or issue joined by him as to the attachment proceedings. For aught that is shown, he may have appeared on the occasion referred to for the purpose of ascertaining the amount of the claim or in order to be heard, notwithstanding the default, on the question of the measure of damages.

The general allegations that appellees "in said suit were represented by counsel," and that such counsel "defended said suit as to the attachment and garnishment proceedings for and on behalf of the plaintiffs (appellees) in this action, and with their knowledge and by their authority, for the purpose of protecting the said certificate and stock from being held by said attachment

proceedings, as the property of said James E. Downey,''
and ''because their interests were represented, and the
litigation controlled, by them for the purpose aforesaid,''
can not overcome the affirmative showing that no issue
was joined as to the attachment proceedings, and that no
answer was filed therein (except the admission of
Haughey, as garnishee defendant, that he held the certifi-
cate of stock for, and as the property of, James E.
Downey), and that there was no defense or contest in the
case, and that there was no appearance to attachment
and garnishment proceedings, except by Haughey, and
that judgment was rendered, as to other defendants, by
default.

If issue had been joined or defense made, either by or
in the name of Downey, the question would arise whether
such appearance, defense, and judgment would constitute
a former adjudication, in the event it should be deter-
mined that the court had no jurisdiction over the thing
in controversy. Brown on Jurisdiction, section 10.

The vital question is, can the stock of a nonresident,
in a foreign corporation created and existing by virtue
of the laws of another State, be garnisheed in an action
in a court in this State, when the certificate of stock is
held here in trust?

On investigation we find that the great weight of au-
thority is against the proposition.

Mr. Cook, in his excellent work, says: ''Shares of
stock in a corporation are personal property, whose loca-
tion is in the State where the corporation is created. It
is true that, for the purpose of taxation and some other
similar purposes, stock follows the domicile of its owner;
but considered as property separated from its owner,
stock is in existence only in the State of the corporation.
All attachment statutes provide for the attachment of a
nonresident debtor's property in the State, and gener-

ally, under such statutes, the stock owned by a nonresident in a corporation created by the State wherein the suit is brought may be attached and jurisdiction be thereby acquired to the extent of the value of the stock attached. But under no circumstances can an attachment be levied on a defendant's shares of stock in an action commenced outside of the State wherein the corporation is incorporated. For purposes of attachment, stock is located where the corporation is incorporated and nowhere else. The shares owned by a nonresident defendant in the stock of a foreign corporation can not be reached and levied upon by virtue of an attachment, although officers of the corporation are within the State engaged in carrying on the corporate business. Nor can such an attachment be levied, although the foreign corporation has a branch registry office in the State where the attachment is levied, and although the certificates of stock are also in such State. Certificates of stock are not the stock itself—they are but evidence of the stock; and the stock itself can not be attached by a levy of the attachment on the certificate. As was well said by the Supreme Court of Pennsylvania, stock can not be attached by attaching the certificate, any more than lands situated in another State can be attached by an attachment in Pennsylvania levied on title deeds to such land." Section 485, 2d ed., Cook's Stock, Stockholders and Corporation Law. See, also, Plimpton v. Bigelow, 93 N. Y. 592; Christmas v. Biddle, 13 Pa. St. 223, Winslow v. Fletcher, 13 Am. and Eng. Corp. Cas. 39; Armour Bros. Banking Co. v. Smith, 20 S. W. Rep. 690; section 607a, Freeman on Judgments; section 474, Drake on Attachment; section 245, Waples on Attachment.

It is not necessary in this case to enter upon the discussion of the question as to the power of the Legislature to authorize the seizure and sale under judicial process

of certificates of stock in foreign corporations that maintain agents and officers, keep the books, and conduct business in this State.

Sections 913, 1285, 3022, 3023, and 5501, R. S. 1881, do not, in any respect, authorize such proceeding. Section 3023, *supra*, which provides that agents of foreign corporations, before entering upon the duties of their agency in the State, shall deposit in the clerk's office of the county the power of attorney or authority under or by virtue of which they act as agents, authorizes actions against such corporations in the courts of this State on claims or demands "arising out of any transaction in this State with such agents."

This controversy did not arise out of any transaction with any agent of the corporation.

In Missouri the statute provides that shares of stock in any corporation may be attached in the same manner as the same may be levied upon under execution, but it was held that such provisions applied to domestic corporations alone. *Armour, etc.,* v. *Smith, supra.*

Section 723, R. S. 1881, authorizes the levy of an execution on shares of stock, and section 931, provides the manner [in which shares of stock in a corporation may be reached through process against the corporation as a garnishee defendant. Such authority, however, under the authorities cited, does not extend to shares of stock in a foreign corporation, although such corporation may have a branch of its principal office in this State where its books and records are kept, the meetings of its directors held, and its principal business transacted. *Plimpton* v. *Bigelow, supra.*

In the case of *Young* v. *South, etc.,* 85 Tenn. 189, the principles enunciated in the authorities cited are recognized as correct statements of the law, but it was held that under the policy and legislation in that State, and

the acts of the corporation in question, the situs · and status of said corporation was that of a domestic corporation.

In conclusion, we repeat that James E. Downey was a nonresident of the State. The only process against him was by publication. No answer was filed or defense made by him or in his name. The shares of stock which it was sought to attach were issued by a foreign corporation. In the language of Judge ANDREWS: "It seems impossible to regard the stock of a corporation as being present for the purpose of judicial proceedings, except at one of two places, viz.: the place of residence of the owner, or the place of residence of the corporation." *Plimpton* v. *Bigelow, supra.*

Therefore, in view of our opinion that appellees, under the facts disclosed in the answer, stand in the position of strangers to the proceedings in the former action and that the stock in a foreign corporation, under the authorities, is not subject to attachment in this State, it is not necessary to further consider the other questions of minor importance presented by the record.

Judgment affirmed.

Filed Sept. 19, 1893.

### ON PETITION FOR A REHEARING.

DAVIS, J.—The learned counsel for appellant have filed an able and earnest petition for a rehearing in this case. We concur in much that has been urged upon our consideration by counsel, but the great difficulty in this case is that on the facts shown in the answer, and to which we have called special attention in the original opinion, there was no issue joined or defense made to the attachment proceedings either by or in the name of James E. Downey.

The averments, "And defendant further shows that

although the plaintiffs herein, Mrs. Downey and Mrs. Brouse, were not parties of record to said suit and proceeding, yet they, in said suit, were represented by counsel, which counsel in said action in said superior court, defended said suit as to the attachment and garnishment proceedings for and on behalf of the plaintiffs in this action, and with their knowledge and by their authority, for the purpose of protecting the said certificate of stock from being held by said attachment proceeding as the property of said James E. Downey. And, by such action, sought to defeat the garnishment and suit in order to prevent the same (said stock) being taken under said attachment, and to keep and hold the said certificate and stock from under said garnishment proceedings.''

And further, ''Their interests were represented and the litigation was controlled by them for the purpose aforesaid, and to, and did, contest said claim of plaintiff in said case,'' must be considered and construed in the light of the facts disclosed in said answer in substance and to the effect that no answer was filed or defense made by or in behalf of said James E. Downey, defendant of record therein, but that judgment was rendered as to said attachment proceedings, on default.

Notwithstanding the fact that appellees herein were not parties to said attachment proceedings, yet if they had defended that suit in the name of another to protect their rights, they would have been as much bound by the result of that suit as they would be if they were parties of record. *Roby* v. *Eggers, supra.*

But the trouble is, as before stated, that no such issue was joined or defense made by or in the name of any person who was a defendant therein.

The rule, as we understand it, as to persons who are not parties of record, is correctly stated by Judge VAN-FLEET, as follows: ''On the contrary the doctrine of

*res judicata* can not arise except by virtue of some issue joined and actually contested on the trial." Vanfleet's Collateral Attack, section 17.

It is clear, from the allegations contained in the answer, that no such issue was joined and actually contested on the trial of the attachment proceedings.

The infirmity in the answer is not the result of any oversight or lack of skill on the part of the pleader. It is apparent, from the facts stated, that no amendment or revision of the answer could have brought it within the rule enunciated in *Roby* v. *Eggers, supra.*

Whether, if they had been parties to the attachment proceedings, the rule stated in *Markel* v. *Evans*, 47 Ind. 326 (330), would have applied, it is not necessary to decide; but no reason occurs to the writer, at this time, why it could not have been invoked against appellees in this case, under such circumstances.

The petition for rehearing is accordingly overruled.

Filed Nov. 24, 1893.