## PROVIDENCE COUNTY.

WILLIAM H. IRELAND *vs.* GLOBE MILLING AND REDUCTION COMPANY.

The Judiciary Act, cap. 33, § 20, which provides for "the attachment of the shares of the defendant in any corporation," etc., is to be construed in view of the fundamental principle that property to be the subject of attachment must be actually or constructively within the jurisdition of the court issuing the attachment.

Shares of stock owned by a non-resident defendant in a foreign corporation cannot be reached by attachment or trustee process under the Judiciary Act, cap. 33, § 20, the *situs* of the stock for the purposes of attachment and execution being the domicile of the corporation which is within the State creating it.

Where by the provisions of the charter or a general statute power is conferred upon a corporation to enact by-laws for certain specified purposes, its power of legislation is limited to the cases and objects enumerated.

A statute of the State of Maine authorized corporations to enact by-laws for the following specified purposes : to determine the manner of calling and conducting meetings, the number of members that constitute a quorum, the number of votes to be given by the shareholders, the mode of voting by proxy and of selling shares for neglect to pay assessments.

*Held*, that a corporation organized under the laws of Maine had no power to enact a by-law providing that no stockholder shall sell his stock to any person unless he shall first offer the same to the corporation at the lowest price for which he is willing to sell it.

ASSUMPSIT for refusing to transfer stock. On demurrers to the pleas and replications.

*September* 19, 1895. TILLINGHAST, J. The pleadings in this case present two questions for our decision, namely, *first*, is the stock of a non-resident, in a foreign corporation, doing

business in this State, attachable here ; and, *second*, are the by-laws of the defendant corporation set up in its third special plea in bar, taken in connection with the statutes of the State of Maine relating to the transfer of stock in corporations, which are also pleaded, effectual to prevent William R. Stearns, the assignor of the stock in question, from transferring the same to the plaintiff by a mere indorsement and delivery thereof, so as to confer upon him the right to maintain this action.

The first and second pleas set up as an excuse for the refusal of said defendant corporation to transfer said stock, the fact that at the time of the making of the request by the plaintiff for said transfer, the stock was under two attachments as the property of said Stearns, and hence that it could not safely transfer the same.    The third plea sets up that the defendant corporation was organized August 10, 1892, under the laws of the State of Maine, at Saco, by articles of agreement or association, to which articles said Stearns was a subscribing party, and that in the proceedings of organization he participated and was then and there elected president and a director of said corporation, which offices he filled during the ensuing year ; and that then and there, as a part of the proceedings of the organization of said company, certain by-laws were unanimously adopted by said Stearns and the other incorporators of the company in relation to the transfer of stock and other matters, among which by-laws were the following :

## "ARTICLE III.—CAPITAL STOCK."

."SECTION 2.    No stockholder shall assign and transfer his stock, or any part thereof, to any person, unless he shall first offer the same to the corporation at the lowest price at which he is willing to sell and assign the same.    If in thirty days after such offer shall have been made in writing to the corporation, said corporation shall refuse or neglect to purchase the stock so offered, the owner thereof may sell and transfer the same to any other person at not less than the price stated in said offer.

"SECTION 3.   Shares may be transferred by endorsement on the certificates of stock and delivery thereof, but shall not be valid (except between the parties thereto) until the same shall be recorded in proper form upon the books of the corporation.   Upon surrender a new certificate or certificates shall be issued and the surrendered certificate or certificates shall be canceled and replaced and secured in the certificate book."

Said third plea then proceeds to state that said by-laws had been adopted and were in force at the time, and before the time when the certificates of stock mentioned and described in the declaration, or any certificate of stock in the said corporation, had been issued, and that all said certificates were and are subject to said by-laws and the provisions thereof, which by-laws, from their adoption till now, have been continuously in force, of which by-laws and the operation thereof said Stearns and said plaintiff, at and before the sale set out in plaintiff's declaration had knowledge ; that said Stearns had not before the alleged sale offered to said corporation his said stock at any price whatever, nor had in any manner complied with the by-laws concerning the transfer of his said stock, of which non-compliance with said by-laws by said Stearns the plaintiff had knowledge at the time of and before said sale ; wherefore the defendant, having said lien of option upon said stock by reason of said by-law, declined to register said transfer of said stock, because said Stearns had as aforesaid failed to comply with said by-law relating to said transfers.   Said plea, as amended by agreement of the parties since the hearing of the case, also sets up the statutes of the State of Maine in force at the time of the organization of the defendant corporation, relating to the organization and management of corporations, viz., Chapter 48, sections 16, 17, 18 and 19,[1]

---

[1]As follows :

SEC. 16.   Three or more persons may associate themselves together by written articles of agreement, for the purpose of forming a corporation to carry on any lawful business, including corporations for manufacturing, mechanical, mining or quarrying business, and also corporations whose purpose is the carriage of passengers or freight, or both, upon the high seas, or from port or ports in

As to the first question.   We think it is well settled that shares of stock owned by a non-resident defendant in a foreign corporation cannot be reached by process of attachment, although the officers of the corporation are within the State and the business of the corporation is being carried on here. The *situs* of the stock for the purposes of attachment and execution is the domicile of the corporation, and that place only.   See Cook on Stock and Stockholders and Corporation Law, 3d ed., § 485, and cases cited; *Plimpton* v. *Bigelow,*

---

this state to a foreign port or ports, or to a port or ports in other states, or the carriage of freight or passengers, or both, upon any waters where such corporations may navigate; and excepting corporations for banking, insurance, the construction and operation of railroads or aiding in the construction thereof, and the business of savings banks, trust companies or corporations intended to derive profit from the loan or use of money, and safe deposit companies, including the renting of safes in burglar-proof and fire-proof vaults; also excepting telegraph and telephone companies.

SEC. 17.   Their first meeting shall be called by one or more of the signers of said articles, by giving notice thereof, stating the time, place and purposes of the meeting to each signer, in writing, or by publishing it in some newspaper printed in the county, at least fourteen days prior to the time appointed therefor.   At such meeting they may organize into a corporation, adopt a corporate name, define the purposes of the corporation, fix the amount of the capital stock, which shall not be less than one thousand, nor more than two million dollars, divide it into shares, and elect a president, not less than three directors, a clerk, treasurer, and any other necessary officers, and may adopt a code of by-laws.

SEC. 18.   Before commencing business, the president, treasurer, and a majority of the directors shall prepare a certificate setting forth the name and purposes of the corporation, the amount of capital stock, the amount already paid in, the par value of the shares, the names and residences of the owners, the name of the county where it is located, and the number and names of the directors, and shall sign and make oath to it; and after it has been examined by the attorney general, and been by him certified to be properly drawn and signed and to be conformable to the constitution and laws, it shall be recorded, in the registry of deeds in the county where the business is to be done, in a book kept for that purpose, and a copy thereof certified by such register shall be filed in the secretary of state's office, who shall enter the date of filing thereon, and on the original certificate to be kept by the corporation, and shall record said copy in a book kept for that purpose.   Such corporation shall pay the attorney general and secretary of state five dollars each for their services in advance.

SEC. 19.   From the time of filing such certificate in the secretary of state's office, the signers of said articles and their successors and assigns shall be a corporation, the same as if incorporated by a special act, with all the rights and powers, and subject to all the duties, obligations and liabilities provided by this chapter and chapter forty-six.

93 N. Y. 592 ; 23 Amer. & Eng. Encyc. of Law, 632, and cases cited; *Winston* v. *Fletcher,* 53 Conn. 390.

A corporation can have but one legal residence, and that must be within the state or sovereignty creating it, although by comity, it may be allowed to do business, through its officers and agents, in other jurisdictions. *Chaffee* v. *Fourth National Bank,* 71 Me. 514.

Our statute which authorizes "the attachment of the shares of the defendant in any corporation," &c.,—Judiciary Act, cap. 33, § 20,—"is to be construed," as said by the court in *Plimpton* v. *Bigelow, supra,* concerning a similar statute of New York, "in view of the fundamental principle upon which all attachment proceedings rest, that the *res* must be actually or constructively within the jurisdiction of the court issuing the attachment in order to any valid or effectual seizure under the process." See also *Taft & Co.* v. *Mills & Co.,* 5 R. I. 393. In the case at bar the stock in question was neither actually nor constructively in this State at the time of the attempted attachment thereof, and hence the proceeding was a nullity. And this statement is equally applicable to the attempted proceeding by trustee process or garnishment, set out in the pleadings, as to the said attachment proceeding ; although we do not wish to be understood as intimating that shares of stock in a corporation can be reached in this way. In this connection see Lowell on Transfer of Stock, § 9, and cases cited.

As to the second question. We do not think the defendant corporation had power to enact the by-law first above quoted. Section 6 of Chapter 46 of the Statutes of Maine, set up in the defendant's third special plea, provides that "Corporations may determine by their by-laws the manner of calling and conducting meetings ; the number of members that constitute a quorum ; the number of votes to be given by the shareholders ; the tenure of office of the several officers ; the mode of voting by proxy, and of selling shares for neglect to pay assessments ; and may enforce such by-laws by penalties not exceeding twenty dollars." And the rule is that where by the provisions of the particular charter, or by

a general statute relating to corporations, power is conferred upon a corporation to enact by-laws for certain specified purposes, its power of legislation is limited to the cases and objects enumerated, all others being excluded by implication. "*Expressio unius . est exclusio alterius.*" See Angell & Ames on Corporations, 5th ed. § 325 ; *Child* v. *Hudson's Bay Company,* 2 P. Wms. 207 ; *Kennebec & Portland R. R. Co.,* 31, Me., 470 ; *Chouteou Spring Co.* v. *Harris,* 20 Mo. 382. The defendant corporation, then having no power to enact the by-law in question, it becomes unnecessary to consider whether or not it was a reasonable enactment, as contended by defendant's counsel.

The defendant's demurrers to plaintiff's replications to the first and second pleas are overruled, and said replications are sustained, and the plaintiff's demurrer to the defendant's third plea is sustained and the plea overruled, and the case remitted to the Common Pleas Division for further proceedings.

*William H. Sweetland,* for plaintiff.

*Warren R. Perce,* for defendant.