PINNEY v. NEVILLS et al.

(Circuit Court, D. Massachusetts. March 4, 1898.)

No. 658.

ATTACHMENT—STOCK IN FOREIGN CORPORATION.

In Massachusetts, there being no statute authorizing it, there can be no attachment of shares of stock in a foreign corporation owned by a nonresident defendant.

This was an action, commenced by attachment, by George M. Pinney against William A. Nevills and others. The case was heard on a motion to discharge the trustee.

Gaston & Snow, for plaintiff.

Charles M. Reed, for defendants.

COLT, Circuit Judge. This suit was originally brought in the state court, and removed to this court. The plaintiff is a citizen of Massachusetts, and the defendants are citizens of California. No personal service was made on any of the defendants. The only service which was made was by attachment of certain certificates of stock belonging to the defendants, in the hands of the National Bank of the Republic, located in Boston. These were certificates of stock of the Rawhide Gold-Mining Company, a corporation organized under the laws of West Virginia. The question presented on these motions is whether shares of stock in a foreign corporation owned by a nonresident defendant can be reached by process of attachment under Massachusetts law. The statutes of Massachusetts provide that shares of stock in a corporation organized under the laws of the state, or under the laws of the United States, where such corporation has a usual place of business in the state, may be attached. Pub. St. Mass. c. 161, § 71; Id. c. 171, § 45. There is no provision in the Massachusetts statutes that shares of stock in a foreign corporation can be reached by attachment, except in the case of a corporation organized under the laws of the United States. The general rule of law is that shares of stock in a foreign corporation owned by a nonresident defendant are not subject to attachment. Plympton v. Bigelow. 93 N. Y. 592; Ireland v. Reduction Co., 19 R. I. 180, 32 Atl. 921; Denton v. Livingston, 9 Johns. 96; Winslow v. Fletcher, 53 Conn. 390, 4 Atl. 250; Smith v. Downey (Ind. App.) 34 N. E. 823. Motions granted. Case dismissed for want of jurisdiction.