### ATCHISON, T. & S. F. RY. CO. v. WELLS et al.

(Circuit Court of Appeals, Fifth Circuit. December 15, 1922.)

No. 3886.

1. Judgment ⚹528—Not in personam, but in rem.

Judgment for plaintiff in action for tort, in which there was not and could not be personal service on defendant, but in aid of which action plaintiff first obtained an original attachment, as authorized by Vernon's Sayles' Ann. Civ. St. Tex. 1914, art. 247a, and then a writ of garnishment, as authorized by article 271, is not in personam; it not purporting to be, but by its own terms being satisfiable only out of funds impounded by the writ of garnishment.

2. Garnishment ⚹177—Personal judgment against defendant not necessary for judgment against garnishee.

Personal judgment against defendant was not necessary for judgment against garnishee, where, it being impossible to have personal service on defendant, plaintiff obtained original attachment, as authorized by Vernon's Sayles' Ann. Civ. St. Tex. 1914, art. 247a, and then a writ of garnishment, authorized by article 271, any time after the issuance of the attachment.

3. Courts ⚹12(4)—Suits between nonresidents maintainable in state court.

Suit between citizens of other states is maintainable in a state court, attachment being obtained.

4. Commerce ⚹81—Garnishment and attachment under state statutes not objectionable interference with interstate commerce.

The effect on interstate commerce of garnishment and attachment proceedings, authorized by a state statute, is too remote to be objectionable.

Appeal from the District Court of the United States for the Western District of Texas; William R. Smith, Judge.

Suit by the Atchison, Topeka & Santa Fé Railway Company against Edmund R. Wells and others for injunction. Relief denied, and plaintiff appeals. Affirmed.

A. H. Culwell, of El Paso, Tex. (J. W. Terry, of Galveston, Tex., William H. Burges, of El Paso, Tex., and Gardiner Lathrop, of Chicago, Ill., on the brief), for appellant.

J. G. McGrady, of El Paso, Tex. (Wallace & Cameron and Lea, McGrady, Thomason & Edwards, all of El Paso, Tex., on the brief), for appellees.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. Edmund R. Wells, a citizen of Colorado, sustained personal injuries in New Mexico, while he was employed by the Atchison, Topeka & Santa Fé Railway Company, a corporation under the laws of Kansas. Wells brought suit in a state court of Texas against the railway company, alleging that his injuries were due to its negligence. In Texas the railway company was engaged

only in interstate commerce, and was not served with process. In aid of his suit, Wells obtained, first, a writ of attachment and then a writ of garnishment, and recovered judgment by default, in the sum of $4,000, and thereafter a judgment in the same amount against the garnishee, the Rio Grande, El Paso & Santa Fé Railway Company.

The present suit is brought by the Atchison, Topeka & Santa Fé Railway Company, appellant, and original defendant' in the garnishment proceedings, to enjoin Wells and his attorneys, who are the appellees here, from enforcing the collection of the judgments obtained by Wells. The court denied the relief prayed in this suit, and dismissed the bill of complaint.

The issuance of writs of attachment, before judgment, against persons, partnerships, associations, or corporations, upon which personal service cannot be obtained, is authorized by statute, even in suits founded in tort or upon demands which are unliquidated. Vernon's Sayles' Tex. Civil Statutes 1914, art. 247a. Writs of garnishment may be issued after an original writ of attachment has been issued. Id. art. 271.

Appellant contends that the judgment which it seeks to enjoin was in personam; that, if that suit was in rem, the judgment against the garnishee is void, because the court was without jurisdiction to enter it until after a valid judgment in personam had been recovered against appellant; and that the statutory provisions of Texas above referred to are void as an interference with interstate commerce.

[1] The judgment which Wells obtained against the appellant railway company was not in personam. It does not purport to be, but by its own terms can only be satisfied out of funds impounded by the writ of garnishment. The rule laid down in Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, a case so much relied on by appellant, to the effect that a personal judgment obtained against a nonresident, upon whom no personal service of process was made, is without validity, is clearly recognized by the courts of Texas. Stewart v. Anderson, 70 Tex. 588, 8 S. W. 295; Studebaker v. Gerlach (Tex. Civ. App.) 192 S. W. 545.

[2] It is also established that a judgment in rem only confers jurisdiction to satisfy a plaintiff's demand out of property impounded within the jurisdiction of the court. Mann v. Brown (Tex. Civ. App.) 201 S. W. 438. As already seen, attachment before judgment is authorized by statute in Texas in a suit founded upon tort, and a writ of garnishment may issue at any time after the issuance of a writ of attachment. Under the terms of the statutory provisions, therefore, a writ of garnishment may issue before judgment is obtained. We are of opinion that the state court acquired jurisdiction to proceed in rem, and to subject the garnished funds to the payment of the judgment obtained by Wells against appellant. Harris v. Balk, 198 U. S. 215, 25 Sup. Ct. 625, 49 L. Ed. 1023, 3 Ann. Cas. 1084.

[3, 4] The suit brought by Wells was maintainable in a state court of Texas, although both the plaintiff and the defendant were citizens of other states. Atchison, Topeka & Santa Fé Railway Co. v. Sowers, 213 U. S. 55, 29 Sup. Ct. 397, 53 L. Ed. 695; Tenn. Coal, etc., Co. v.

George, 233 U. S. 354, 34 Sup. Ct. 587, 58 L. Ed. 997, L. R. A. 1916D, 685. The effect upon interstate commerce of garnishment and attachment proceedings, authorized by a state statute, is too remote to be objectionable. Davis v. Railway Co., 217 U. S. 157, 30 Sup. Ct. 463, 54 L. Ed. 708, 27 L. R. A. (N. S.) 823, 18 Ann. Cas. 907; International Harvester Co. v. Kentucky, 234 U. S. 579, 34 Sup. Ct. 944, 58 L. Ed. 1479.

The decree is affirmed.

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes