PRATT v. DENVER & R. G. W. R. CO. (CHICAGO, ST. P., M. & O. R. R., et al., Garnishees).

(District Court, D. Minnesota, Fifth Division. December 27, 1922.)

1. Railroads ⬅️33(2)—Service on foreign company's soliciting agent held sufficient.

In an action against a foreign railroad company, in which an attempt was made to garnish funds of the company within the state, service on a soliciting agent of the defendant company in another state, in which it did not do business and which did not recognize such service, was not in compliance with Gen. St. Minn. 1913, § 7737, authorizing personal service outside the state in foreign garnishment proceedings.

2. Courts ⬅️344—State statute, permitting service on agent of company not doing business within state, is not controlling in the federal court.

Gen. St. Minn. 1913, § 7735, par. 3, permitting service on a soliciting agent of a railway company which does not do business in the state, does not by its terms apply outside the state, and, even if the statute were so intended to apply, it would not be valid against objection to such service raised in the federal court, since the right to bring an absent or nonresident defendant into court by publication or by personal service outside the state affects the substantive rights of the defendant.

3. Courts ⬅️346—Attachment and garnishment do not issue in federal courts, unless proper service may be had on defendant.

In the courts of the United States, attachment and garnishment are only incidents to the main suit, and unless the suit may be maintained by proper service on the defendant his estate may not be impounded.

---

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. Carriers ⬥177(3)—Action under Carmack Amendment against initial carrier is maintainable only where service can be had in manner permissible in federal courts.**

The remedy given by the Carmack Amendment (Comp. St. §§ 8604a, 8604aa) against the initial carrier for loss or damage to goods in shipment regardless of which carrier's negligence caused the loss, is one which can be maintained only in a jurisdiction in which the service can be had on the carrier in a manner permissible in the courts of the United States.

At law. Action by H. W. Pratt against the Denver & Rio Grande Western Railroad Company, begun in the state court and removed to the United States District Court. On motions to quash personal service outside the state and to discharge garnishees and release the funds impounded. Motions granted.

McClearn & Gilbertson, of Duluth, Minn., for plaintiff.

Fryberger, Fulton, Hoshour & Ziesmer, of Duluth, Minn., for defendant.

MORRIS, District Judge. This suit was brought in a state court of Minnesota for the loss of and injury to a shipment of sheep from Delta, Colo., to Tower, Minn. The shipment was made on April 30, 1920, and the amount claimed is $5,298.

The defendant has no officer or agent in Minnesota and does no business in that state, and jurisdiction was sought to be acquired by the garnishment of interline traffic balances due defendant from railroad companies which could be served in Minnesota. Plaintiff attempted to proceed under the provisions of sections 7737, 7738, of the General Statutes of Minnesota (1913), and after the garnishees had been served personally in Minnesota served a copy of the summons on one J. L. Hohl, soliciting freight and traffic agent of the defendant in Illinois. The case was removed to the federal court on the ground of diversity of citizenship and the further ground that it arose under federal law.

[1] The first question involved is as to the validity of personal service on the agent of the defendant in Illinois. The defendant was not doing business in Illinois, and the service on Mr. Hohl was not in compliance with the Minnesota statute as to personal service outside the state (section 7737, G. S. Minn. 1913) and was ineffectual for any purpose. That service on an agent such as Mr. Hohl does not confer jurisdiction if the defendant is not doing business in the state is the rule in Illinois (Booz v. Railway Co., 250 Ill. 376, 95 N. E. 460), and such is the rule in the courts of the United States (Green v. Railway Co., 205 U. S. 530, 27 Sup. Ct. 595, 51 L. Ed. 916).

[2] The Minnesota statute permitting service on a soliciting agent of a railway company which does not do business in the state does not by its terms apply outside the state (section 7735, par. 3), and, even if it were so intended to apply, it would not be valid against objection raised in this court. Stephan v. Railway Co. (D. C.) 275 Fed. 709; Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517; Mechanical Appliance Co. v. Castelman, 215 U. S. 437, 30 Sup. Ct. 125, 54 L. Ed. 272.

---

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The second question involved is whether the Minnesota attachment or garnishment laws, which permit the impounding of property of a nonresident defendant without obtaining personal service of such defendant, are applicable in obtaining jurisdiction over a nonresident defendant, not doing business in the state, in suits brought against the initial carrier for damages to an interstate shipment. The only case in point cited by counsel for either side is the unreported decision of Judge Crump, presiding judge in the law and equity court at Richmond, Va., in the case of Neale v. Illinois Central Company, decided December 28, 1921. Because of my conclusion as to its correctness the decision of Judge Crump is quoted in full:

"This is a proceeding instituted by a petition for an attachment against the property and estate of the defendant, Illinois Central Railroad Company, on the ground that it is a nonresident corporation.

"The claim against the principal defendant is for damages to a shipment delivered to it as initial carrier, in another state, to be transported over its own line and the lines of connecting carriers to its point of destination in Virginia. The claim, therefore, according to repeated adjudications, must be held to be governed by the provisions of the Carmack Amendment to the federal Interstate Commerce Act. The principal defendant, the foreign corporation, which is the initial carrier, has not been served with process, and it appears specially and submits a motion to quash the attachment and dismiss this proceeding, on the ground that within the true intendment of the Carmack Amendment the remedy given against the initial carrier cannot be maintained in a jurisdiction in which personal service cannot be had upon it, and the right against the initial carrier cannot be enforced by attachment, the right of foreign attachment given by state statutes not being cognizable by the federal courts, and not being allowed as a federal remedy, unless personal service is had upon the nonresident defendant. In 4 R. C. L., p. 909, § 363, the general effect of the amendment is stated thus: 'The Carmack Amendment supersedes state laws on the question of the extent of the liability of an initial carrier, and its limitations of its liability, in all cases to which it applies. The amendment contains a proviso that nothing contained in the statutes shall deprive the holder of the receipt or bill of lading of any remedy or right of action which he had under existing law. This proviso preserved to a holder any right or remedy which he may have had under existing federal law at the time of his action, but it did not preserve rights and remedies conferred by existing state laws, where a shipment accepted by a carrier for interstate transportation had been lost, injured or damaged.'

"The three outstanding features of the Interstate Commerce Act, bearing upon the question here, are: (a) That Congress by the exercise of the power vested in it compels the initial carrier to assume liability for loss or damage, irrespective of the fact whether loss or damage occurs on its own line or that of a connecting carrier; (b) the mere proof of issuance of the bill of lading, and of the loss or damage, casts upon the initial carrier the burden of rebutting the presumption that the loss or damage did not occur from the negligence of either itself or of any connecting carriers, all connecting carriers being regarded as agents of the initial carrier in an interstate shipment for which the initial carrier issues a through bill of lading; (c) the initial carrier may recover from any connecting carrier such amount of loss or injury to the property transported 'as it may be required to pay to the owners of such property. as may be evidenced by any receipt, judgment, or transcript thereof.'

"It seems to me that these prominent features of the federal law show plainly that a proceeding in foreign attachment under the statutes of Virginia cannot give the right to the court to pass upon the liability of the initial carrier, unless it is brought before the court by proper process or voluntarily appears. The principal defendant in such a proceeding would be deprived of the right to rebut the presumption against it, although the loss or damage occurred on the line of a connecting carrier, and the ascertainment of the

284 F.—64

amount of the plaintiff's claim, as a preliminary to subjecting the foreign defendant's property to its payment, would not be a judgment upon which the initial carrier could recover against the connecting carrier. It is now well settled that the cause of action arising under the Interstate Commerce Act may be enforced by the appropriate remedy in a state court, but it would be denying to the initial and the connecting carrier, ultimately liable, due process of law, for the court to pass upon their rights in the absence of the initial carrier, upon whom the statute places the burden of making defense for all the carriers concerned. The following may be taken, perhaps, as the more important cases to be considered in determining the question in controversy, and which have been considered by me in endeavoring to arrive at a proper conclusion. A. C, L. v. Riverside Mills, 219 U. S. 186, 31 Sup. Ct. 164, 55 L. Ed. 167, 31 L. R. A. (N. S.) 7; Galveston, etc., Ry. Co. v. Wallace, 223 U. S. 481, 32 Sup. Ct. 205, 56 L. Ed. 516; Adams Express Co. v. Croninger, 226 U. S. 491, 33 Sup. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257; N. Y., P. & N. R. R. Co. v. Peninsula Exch., 240 U. S. 34, 36 Sup. Ct. 230, 60 L. Ed. 511, L. R. A. 1917A, 193; South. Ry. v. Prescott, 240 U. S. 632, 36 Sup. Ct. 469, 60 L. Ed. 836; Chicago, etc., R. R. v. Collins Prod. Co., 249 U. S. 186, 39 Sup. Ct. 189, 63 L. Ed. 552.

"The motion to quash the attachment and dismiss the proceeding is sustained."

[3] I think the decision of Judge Crump correct and adopt it as my conclusion in the case at bar. There can be no doubt that in the courts of the United States attachment and garnishment are but incidents to the main suit, and that unless the suit may be maintained by proper service on the defendant his estate may not be impounded. Big Vein Coal Co. v. Read, 229 U. S. 31, 33 Sup. Ct. 694, 57 L. Ed. 1053; Laborde v. Ubarri, 214 U. S. 173, 29 Sup. Ct. 552, 53 L. Ed. 955.

[4] I believe that the right to bring an absent or nonresident defendant into court by publication or personal service outside the state affects the substantive rights of the defendant (see Harland v. Telephone Co. (C. C.) 40 Fed. 311, 6 L. R. A. 252), and agree with the conclusion of Judge Crump that, within the true intendment of the Carmack Amendment (Comp. St. §§ 8604a, 8604aa), the remedy given against the initial carrier can be maintained only in a jurisdiction in which service can be had upon such carrier in a manner permissible in the courts of the United States.

My conclusion is that both motions of the defendant should be granted, and an order to that effect will be entered upon presentation.