15362.   SOUTHERN PACIFIC CO. *v.* DiCRISTINA *et al.*

STEPHENS, J. 1. Since a State may in its own courts, where no domestic policy is violated, enforce rights established by the laws of other sovereignties, there is ordinarily no valid reason why such rights may not be enforced in the courts of such State under the attachment laws against a nonresident of the State. Where the right sought to be thus enforced against a nonresident arises solely under an act of Congress, and thereby by virtue of Federal authority, it may nevertheless be enforced in the State court by attachment, unless in so doing, on account of the Federal government having jurisdiction within the State and its valid laws being supreme therein, some Federal policy is violated or some Federal right secured to the nonresident is impaired or rendered inefficacious.

2. Where the right sought to be enforced in the State court by attachment upon the ground of the nonresidence of the defendant is the right of a shipper in interstate commerce to hold the initial carrier by virtue of the Carmack amendment to the interstate-commerce act liable for loss or damage to goods in transit by a connecting carrier, and the attachment is levied upon an empty freight-car belonging to the carrier, found within the territorial jurisdiction of the State court, no Federal policy is violated, nor is any unnecessary burden placed upon interstate commerce by the attachment and levy, and no right of the carrier which can be asserted in defense to a suit against it under such act of Congress can in any way be impaired or rendered ineffectual by the carrier's being forced to defend as a defendant in the attachment proceedings. The only burden resting upon the defendant is the physical inconvenience of making a defense in a foreign jurisdiction, which inconvenience attaches to all nonresidents whose property has been levied on by attachment. State *v.* Taylor (1923), 298 Mo. 474 (251 S. W. 383); Atchison &c. R. *v.* Wells (C. C. A.), 285 Fed. 369; contra: Pratt *v.* Denver &c. R., 284 Fed. 1007. See further in this connection: *Southern Pacific Co.* v. *Crenshaw*, 5 *Ga. App.* 675 (63 S. E. 865); Davis *v.* Cleveland &c. R., 217 U. S. 157, 179 (30 S. Ct. 463, 54 L. ed. 708, 27 L. R. A. (N. S.) 823, 18 Ann. Cas. 907); International Harvester Co. *v.* Commonwealth, 234 U. S. 579 (34 S. Ct. 944, 58 L. ed. 1479); Galveston &c. R. *v.* Wallace, 223 U. S. 481 (32 S. Ct. 205, 56 L. ed. 516).

3. This being a suit in attachment, where the plaintiffs sought to recover against a nonresident carrier for the loss of goods received by the carrier from the plaintiffs to be transported in interstate commerce, and where the liability therefor, if there was any, was fixed by the Carmack amendment to the interstate-commerce act, the motions made by the defendant to dismiss the attachment and the declaration in attachment, upon the ground that the court had no jurisdiction to proceed against

the defendant in attachment as a nonresident of the State, were properly overruled.

<div align="center">

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 12, 1925.

</div>

Attachment; from Chatham superior court—Judge Meldrim. January 7, 1923.

*Lawton & Cunningham,* for plaintiff in error.

*Joseph H. Ross,* contra.

<div align="center">

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*