## B. & A. DRILLING CO. v. NORTON.
### (No. 820.)

Court of Civil Appeals of Texas. Waco.
June 20, 1929.

Rehearing Denied Oct. 17, 1929.

414

C. H. Machen, of Mexia, and C. S. & J. E. Bradley, of Groesbeck, for appellant.

Walters & Kidd, of Mexia, and Williamson & McDonnell, of Waco, for appellee.

BARCUS, J. Appellee filed suit in Freestone county against W. K. Henderson, a resident citizen of Louisiana, to recover unliquidated damages to the amount of $8,700, and had Henderson served by nonresident notice. Appellee had issued an attachment, which was returned "No property found," and then had issued a writ of garnishment, which was served in Freestone county upon the agent of appellant, which was a corporation organized under the laws of Louisiana, with its principal office and place of business in said state. W. K. Henderson did not answer, and judgment by default in rem was rendered against him for $8,700. Appellant, through its local agent, filed a motion to quash the writ of garnishment, which was by the trial court properly overruled. Appellant, then, through such local agent, filed an answer to the writ of garnishment, which was in all respects regular, and which showed affirmatively that it did not owe W. K. Henderson any sum of money, and did not have any effects in its hands belonging to said Henderson, either at the time of the service or at the time the answer was filed, and, in so far as said inquiries were concerned, was sufficient to entitle it to a discharge. In answer to that portion of the writ of garnishment which required appellant, as garnishee, to state whether Henderson owned any shares of stock or had any interest in the corporation, the answer stated that the garnishee was a foreign corporation, organized under the laws of the state of Louisiana, with its principal office and place of

business in Shreveport, La. The answer stated further that, if W. K. Henderson did own any stock or have any interest in any shares of stock in said corporation, the same were in the state of Louisiana. The answer stated further that the agent served was the only agent said corporation had in Texas, and that he was only a limited agent, in that he was holding some drilling rigs which belonged to the garnishee. The trial court held that said answer was not sufficient, and that same did not in law amount to any answer, and by reason of there being no answer on file, under the provisions of article 4087, Revised Statutes 1925, the court rendered judgment against appellant as garnishee for the full amount of said $8,700 judgment.

█ Under appropriate propositions, appellant contends that the trial court had no jurisdiction over it, in that it appears from the answer filed by its agent that said agent only had limited powers, and was not authorized to enter an appearance for said garnishee or make answer for it. We overrule these propositions. It appears that appellant filed a motion to quash the writ of garnishment, and thereafter filed an answer. No issue was formed in the trial court, and no contention made in said court that the agent who filed the motion to quash, and who thereafter filed an answer, did not have authority or was not authorized to file the same. Appellant, having appeared and answered, could not thereafter, without filing some kind of pleading to raise the issue, question the authority of the party who entered an appearance for it in the trial court.

Appellant contends that, under the answer filed by it, the trial court was not authorized to render judgment, either against the original defendant, Henderson, or against it, on the theory that said answer showed affirmatively that no property subject to sale or disposition by Texas courts was impounded in its hands or possession by virtue of said writ of garnishment; appellant's contention being that stock owned by a nonresident defendant in a foreign corporation cannot be impounded in Texas by a writ of attachment or garnishment, and that, if it be conceded that Henderson owned stock in garnishee corporation, the service of said writ did not give the Texas court jurisdiction over same, or authorize our courts to render judgment in rem against Henderson, or against it as garnishee.

█ Our courts hold that, where a suit is filed against a nonresident and an attachment is issued, as provided by article 281 of the Revised Statutes of 1925, and thereafter a writ of garnishment is issued, as provided by article 4076 of the Revised Statutes of 1925, and property of the nonresident defendant is impounded thereby, the court can render a judgment in rem against the original defendant, and, at the same time render judgment against the garnishee for a suffi-

cient amount of the impounded property to satisfy said judgment. Atchison, Topeka & Santa Fé Ry. Co. v. Wells (C. C. A.) 285 F. 369 (afterwards reversed on other grounds by the Supreme Court of the United States, 265 U. S. 101, 44 S. Ct. 469, 68 L. Ed. 928), and authorities there cited.

 It seems to be the universal holding of the courts that the situs of corporate stock is in the state which gave the corporation existence, and that the courts of one state cannot, by garnishment, attachment, or otherwise, impound, sell, transfer, or in any way incumber corporate stock in a foreign corporation. Smith v. Downey, 8 Ind. App. 179, 34 N. E. 823, 35 N. E. 568; 52 Am. St. Rep. 467, and notes on page 474; Ireland v. Globe Milling & Reduction Co., 19 R. I. 180, 32 A. 921, 29 L. R. A. 429, 61 Am. St. Rep. 756, and notes: 7 R. C. L. 197; 5 Thompson on Corporations (3d Ed.) 325; 14a C. J. 1393; Jellenik v. Huron Copper Mining Co., 177 U. S. 1, 20 S. Ct. 559, 44 L. Ed. 647; Saner-Ragley Lumber Co. v. Spivey (Tex. Com. App.) 238 S. W. 912.

██ It seems to be equally as well settled by the courts that, where a judgment can only be rendered in rem and depends entirely for validity upon the question of whether property had been impounded out of which said judgment, or a portion thereof, may be made, it must appear affirmatively that property has been impounded by legal process, out of which at least a portion of the judgment in rem may be collected. Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; Haggerty v. Ward, 25 Tex. 144; Richardson v. Busch, 198 Mo. 174, 95 S. W. 894, 115 Am. St. Rep. 472.

Article 4091 of the Revised Statutes of 1925 provides specifically that, where the garnishee's answer shows a defendant owns stock in the garnisheed corporation, a sale of said stock shall be made as under execution. Article 3795 provides that the levy on corporate stock under execution shall be made by leaving a notice thereof with any officer of such company. Article 4086 provides, in effect, that where the garnishee has fully answered, and same shows nothing in his possession subject to the debt of the original defendant, the garnishee shall be discharged on its answer, unless the same is controverted.

 The controlling question in this case for determination, therefore, is whether the failure of the garnishee to answer relative to the shares of stock, if any, or the interest, if any, that Henderson had in the Louisiana corporation, authorized or justified the trial court in rendering a judgment against the garnishee for the full amount of the debt obtained in rem against Henderson by appellee. Unquestionably, under the authorities above cited, if appellant had answered that Henderson did own a large number of shares of stock in said Louisiana corporation, it would not have given the district court juris-diction over same, nor have authorized the court to render a judgment in rem against Henderson. The question therefore is: Did or could the district court of Freestone county obtain jurisdiction over the parties, and exercise more power by reason of no answer being made, than it could if an answer had been filed, showing that defendant owned the stock? If a judgment could not be rendered against Henderson, and it could be only on condition property subject to sale was impounded, then, under an unbroken line of authorities in this state, the judgment rendered against the garnishee is unauthorized. Shoemaker v. Pace (Tex. Civ. App.) 41 S. W. 498; Kelly v. Gibbs, 84 Tex. 143, 19 S. W. 380, 563; Kirkbride v. Mauzy (Tex. Civ. App.) 268 S. W. 265.

Our courts have uniformly held that where a garnishee fails to answer, or where he makes an evasive or incomplete answer, the same does not constitute any answer at all, and that plaintiff is under said conditions entitled to a judgment for the full amount of its debt against the original defendant, against the garnishee, because the garnishee did fail to answer; but our courts in so holding state specifically that it is not by way of penalty that said judgment is rendered, but on the theory that sufficient property has been impounded to protect the garnishee. Lamb-McAshan Co. v. Ellis (Tex. Com. App.) 270 S. W. 547; Kentucky Oil Corporation v. David (Tex. Com. App.) 285 S. W. 290, and authorities there cited. None of the authorities, so far as we have found, which uphold a judgment against the garnishee for having failed to make a complete answer, involved the question at issue here.

In the final analysis, the real issues in this case are whether the district court of Freestone county obtained jurisdiction over Henderson to enter judgment in rem, when it appears affirmatively that the only property appellant as garnishee did hold or control belonging to Henderson was beyond the jurisdiction of said court, and whether a valid judgment could be rendered against appellant as garnishee, when the facts did not authorize a judgment to be rendered against Henderson as defendant in the main suit. If appellant as garnishee in this case had answered that W. K. Henderson did own stock in said corporation, it would not have conferred jurisdiction on the district court to render a judgment against Henderson in the main suit, since it affirmatively appears that the garnishee was a foreign corporation. We do not think the policy of our courts is or should be to penalize appellant as garnishee for not having answered the writ of garnishment, when it appears affirmatively from the record that, if it had answered said writ in the most favorable aspect possible in so far as the plaintiff was concerned, it would not have given the district court jurisdiction over the defendant Henderson in the main case, nor

would it have authorized the court to have entered a judgment against the garnishee.

As we construe the opinion in Pennoyer v. Neff, supra, before a state court is authorized to render a judgment in rem against a nonresident defendant, it is necessary for the plaintiff to show that property of the defendant has been actually impounded by legal process, out of which at least a portion of said judgment may be made. Where, as in this instance, the foreign corporation that was garnisheed answered fully all of the questions propounded, which under any phase of the law could give the Texas court jurisdiction to render a judgment against Henderson in the main suit, we do not think its failure to answer other questions asked, which, as stated, if answered most favorably to plaintiff, would not give jurisdiction, should be construed or held by the courts to have impounded property in this state. Neither should the garnishee be penalized by having a judgment rendered against it, when under its answer the only property it could have held would be the corporate stock which Henderson might or did own in said corporation.

We think the answer of the garnishee was sufficient to entitle it to a discharge, and we think that said answer showed affirmatively that it did not have any property or effects in its possession which would authorize the trial court to render judgment in rem against the defendant Henderson. We think the trial court was in error in rendering judgment against appellant, and, the facts being fully developed, the judgment of the trial court is reversed, and judgment is here rendered for appellant.