## ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY *v.* WELLS ET AL.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 232. Argued April 23, 1924.—Decided May 12, 1924.

1. The rolling stock of a railroad, and traffic balances owing it, are not exempt from attachment or garnishment merely because the former are used, and the latter derived, in interstate commerce. P. 103.

2. A state statute permitting a citizen and resident of another State to prosecute a cause of action which arose elsewhere, against a railroad corporation of another State, which is engaged in interstate commerce and neither owns nor operates a railroad, nor has consented to be sued, in the State where the action is brought, is so far, invalid. *Davis* v. *Farmers Co-operative Co.,* 262 U. S. 312. *Id.*

3. Judgments obtained by garnishment and constructive service, against a foreign railroad corporation and a local railroad corporation, as garnishee, on such a cause of action, *held* void as an unreasonable interference with interstate commerce, and their enforcement subject to be enjoined in a suit by the foreign corporation in a federal court against the judgment creditor and his attorney. *Id.*

285 Fed. 369, reversed.

CERTIORARI to a decree of the Circuit Court of Appeals affirming a decree of the District Court, which dismissed a bill to enjoin the enforcement of judgments.

*Mr. A. H. Culwell,* with whom *Mr. J. W. Terry* and *Mr. Gardiner Lathrop* were on the brief, for petitioner.

*Mr. George E. Wallace,* for respondents, submitted.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

Wells, a citizen and resident of Colorado employed by the Atchison, Topeka & Santa Fe Railway Company, was injured while performing his duties in New Mexico. He sued the company in a state court of Texas, but could not make personal service upon it within that State.[1] Wells procured from the same court a writ of garnishment to a Texas railroad company whose line connected with the Santa Fe; which had in its possession Santa Fe rolling stock; and which owed to it large sums on traffic balances. Thereafter, constructive service was made upon the Santa Fe, by serving one of its officers in Kansas and by publication in a Texas newspaper. The Santa Fe did not appear in the action; and judgment in the sum of $4,000 and costs was entered against it by default. Objection by the garnishee to the jurisdiction having been overruled, a judgment was entered that Wells recover from it this sum with interest and costs, in satisfaction of his judgment against the Santa Fe. To enjoin the enforcement of these judgments, suit was brought by the Santa Fe in the federal court for western Texas against Wells. who had meanwhile become a resident of that State, and his counsel. The case was heard on agreed facts; and a decree dismissing the bill was affirmed by the United States Circuit Court of Appeals for the Fifth Cir-

---

[1] See *Atchison, T. & S. F. Ry. Co.* v. *Weeks,* 254 Fed. 513.

cuit.   285 Fed. 369.   It is here on writ of certiorari under § 240 of the Judicial Code.   261 U. S. 612.

The rolling stock held by the garnishee was then being used in interstate commerce and the amount due on traffic balances arose out of transactions in such commerce. These facts did not render the property immune from seizure by attachment or garnishment.   *Davis* v. *Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.,* 217 U. S. 157.   But the writ of garnishment is void because of the purpose for which it was invoked.   The Santa Fe is a Kansas corporation.   It had not been admitted to Texas as a foreign corporation.   It had not consented to be sued there.   It did not own or operate any line of railroad within the State; and had no agent there.   The Texas statutes concerning garnishment were construed and applied in the Wells suit so as to permit a citizen and resident of another State to prosecute in Texas a cause of action which arose elsewhere against a railroad corporation of another State, which is engaged in interstate commerce, which neither owns nor operates a railroad in Texas, and which has not consented to be sued there.   For the reasons stated in *Davis* v. *Farmers Co-operative Co.,* 262 U. S. 312 (decided since the entry of the judgment here under review) such a suit necessarily and unreasonably burdens interstate commerce; and the statute as construed and applied is invalid.

Relief against the void judgments entered was properly sought by the Santa Fe in the federal court.   *Simon* v. *Southern Ry. Co.,* 236 U. S. 115; *Wells Fargo & Co.* v. *Taylor,* 254 U. S. 175.   See *Essanay Film Co.* v. *Kane,* 258 U. S. 358, 360.   The garnishment was void because seizure of the rolling stock and credits for the purpose of compelling the Santa Fe to submit to the jurisdiction of the court in the Wells suit interfered unreasonably with interstate commerce.   The Santa Fe was not obliged to assert its rights in the courts of Texas.   Compare *Fire-*

*stone Tire & Rubber Co.* v. *Marlboro Cotton Mills,* 282 Fed. 811, 814. Nor could its right not to be sued there be affected by anything which the garnishee did or omitted to do. Moreover, the garnishee's objection to the jurisdiction (on grounds later upheld by this Court in the *Farmers Co-operative Co. Case*) had been overruled by the state court. We have no occasion, therefore, to consider further the scope or the provisions of the statutes concerning garnishment.

*Reversed.*