ILLINOIS CENT. R. Co. *et al. v.* TERRY.*

(Division B. Dec. 22, 1924.)

[102 So. 391.   No. 24205.]

1. COMMERCE. *Mississippi consignee may maintain attachment suit against nonresident initial carrier and connecting carriers handling shipments in this state.*

Where stock shipped from Kansas to Mississippi on a through bill of lading were injured in transit, the consignee, a resident of Mississippi, may maintain an attachment suit under our statutes against the initial carrier and the railroads handling the shipment in this state.

2. COMMERCE. *Cars of nonresident carrier in possession of connecting carrier doing business here subject to attachment in action against initial carrier.*

When the answer of the railroads doing business in this state admits having cars of the initial carrier in their possession, but avers that these cars are engaged in interstate commerce, these cars are subject to attachment. The attachment is not an interference with interstate commerce and not violative of the commerce clause of the Constitution of the United States.

3. COURTS. *Right prescribed by Carmack Amendment to interstate commerce acts enforceable in state courts under state law.*

The Carmack Amendment to the federal interstate commerce acts does not prescribe the sole remedy for its enforcement. The right thus prescribed by this act may be enforced in the state courts in accordance with the state's statutory law.

---

*Headnotes 1. Commerce, 12 C. J., section 167; 2. Commerce, 12 C. J., section 167; 3. Courts, 15 C. J., section 634.

APPEAL from chancery court of Hinds county.

HON. V. J. STRICKER, Chancellor.

Suit by W. D. Terry against the Illinois Central Railroad Company and another. From a decree for plaintiff, defendants appeal. Affirmed.

*F. M. West,* for appellants.

The attempt to force litigation of this cause of action in Mississippi is an unreasonable and unnecessary burden on interstate commerce, and repugnant to the commerce clause of the Constitution of the United States. *A. T. & S. F. Ry. Co.* v. *Wells,* 68 L. Ed. (U. S.) 532; *Davis* v. *Farmers' Co-op. Equity Co.,* 67 L. Ed. (U. S.) 996.

Cause of action herein is given by Federal Law, and therefore to be determined by Federal Law. As Federal Law does not grant right of attachment without personal service of process, state statutes cannot grant such right in a cause of action based on a Federal Statute. In cause of this kind Missouri Pacific immune from attachment in Federal court and therefore must be immune from attachment in state court. *Southern Express Co.* v. *Byers,* 240 U. S. 612; *Adams Express Co.* v. *Croninger,* 226 U. S. 507; *Lysaght* v. *Lehigh Valley R. Co.,* 254 Fed. 351; *A. C. L. R. Co.* v. *Riverside Mills,* 219 U. S. 186, 55 L. Ed. 167; *Northern P. R. Co.* v. *Wall,* 241 U. S. 87, 60 L. Ed. 905; *Kan. City Sou. R. Co.* v. *Carl,* 227 U. S. 639, 57 L. Ed. 683; *Ga. F. & A. R. Co.* v. *Blish Milling Co.,* 241 U. S. 190, 60 L. Ed. 948; *St. L., I. M. & S. R. Co.* v. *Starbird,* 243 U. S. 592, 61 L. Ed. 917; *M. K. & T. R. Co.* v. *Ward,* 244 U. S. 383, 61 L. Ed. 1213; *T. & P. R. Co.* v. *Leatherwood,* 63 L. Ed. 620; U. S. Adv. Ops. vol. 17, p. 620; *M. K. & T. R. R. Co.* v. *Harriman,* 227 U. S. 657, 57 L. Ed. 901; *A., T. & S. F. R. R. Co.* v. *Robinson,* 233 U. S. 173, 58 L. Ed. 690; *A., T. & S. F. R. R. Co.* v. *Moore,* 233 U. S. 182, 58 L. Ed. 906; *C., N. O. & T. P. R. R. Co.* v. *Rankin,* 241 U. S. 319, 60 L. Ed. 1022.

No attachment under Federal law without personal service. It is settled beyond controversy that in the federal courts there is no such right (as exists in state courts) known as original attachment; that is, the bringing of a defendant into court by attachment on his property. In the federal courts attachment can only issue after personal service on the defendant and

as an incident thereto. *Big Vein Coal Co.* v. *Read,* 229 U. S. 31; *Laborde* v. *Ubarre,* 214 U. S. 174; *Bucyrus Co.* v. *McArthur,* 219 Fed. 266.

Right of attachment on the part of plaintiff and immunity from attachment on part of defendant are substantive rights and these rights must be administered in state courts in the same manner as in Federal courts. The right of action and liabilities under the Carmack Amendment cannot be subtracted from, added to, or modified by law. *Pritchard* v. *Norton,* 1066 U. S. 128; *Railway Co.* v. *White,* 238 U. S. 511; *Mullins* v. *Y. & M. V. R. R. Co.,* 249 U. S. 531; *C. & W. Ry.* v. *Varnvill Furn. Co.,* 237 U. S. 597.

The Carmack Amendment has been held to displace: (1) A rule of state law rendering an agreed valuation invalid. *Adams Exp. Co.* v. *Croninger, supra.* (2) State constitutions or statutes rendering such agreed valuations invalid. *C., B. & Q. R. Co.* v. *Miller,* 226 U. S. 491. (3) A state statute holding the terminal carrier absolutely liable unless it does within a specified time produce data shifting liability to another carrier; and imposing a penalty for failure to settle such claims or produce such data within a specified time. *C. & W. C. R. R. Co.* v. *Varnville Furn. Co., supra.* (4) A rule of state law, i. e., a state rule of evidence, imposing the burden of proof on a warehouseman to show that loss or damage complained of was not due to its negligence. *So. Ry. Co.* v. *Prescott,* 240 U. S. 632. (5) State statutes imposing penalties for failure to settle interstate claims. *L. & N. R. R. Co.* v. *Price,* 71 So. (Miss.) 161. (6) State statutes or decisions making recitals of bill of lading as to receipt of goods, etc., conclusive. *A., T. & S. F. R. Co.* v. *Harold,* 241 U. S. 371; *St. L. & S. F. R. Co.* v. *Woodruff Mills,* 105 Miss. 214; *Pratt* v. *Denver etc., R. R. Co.,* 284 Fed. 1007.

The shipment in the instant case being one in interstate commerce, the rights, liabilities, and restrictions of the parties are to be determined under the common

law as construed and applied in the federal courts. *Y. & M. V. R. R. Co.* v. *Norman,* 125 Miss. 636.

*W. E. Morse,* for appellee.

The claim is valid, the proceeding is regular; did the court below have a right to subject that car to our claim? Section 293, Hemingway's Code; Section 294, Hemingway's Code. Our courts have already upheld this right of attachment in the case of *Southern Ry. Co.* v. *Lyon,* 99 Miss. 185.

1. Freight money in the hands of a final carried which belongs to a non-resident initial carrier is a mere debt, with no special character on account of being earned in interstate commerce and is liable to garnishment as a simple contract or book indebtedness. *Johnson* v. *Union Pacific R. R. Co.,* 29 R. I. 80, 69 A. 298, 132 Am. St. Rep. 799.

2. Neither is interstate commerce unlawfully interfered with by the attachment or garnishment of a debt or fund arising out of an interstate transaction nor by the seizure under judicial process of articles of interstate commerce or of railroad cars or other vehicles of interstate commerce. *Davis* v. *Cleveland,* 54 L. Ed. 702, 27 L. R. A. 823, 18 Ann. Cas. 907.

*George Butler, amicus curiae.*

The principal point is whether the statute of Mississippi involved in this case as applied to the facts in issue, is in violation of the Commerce Clause of the Federal Constitution. We think that the question presented has been authoritatively settled by the supreme court of the United States, and that the two cases principally relied upon by defendants when rightfully understood, in no way militate against the views expressed in earlier cases. *Pa. L. & M. Ins. Co.* v. *Meyer,* 197 U. S. 407, 49 L. Ed. 810; *St. Louis S. W. R. Co.* v. *Alexander,* 227 U. S. 218, 57 L. Ed. 486; *Davis* v. *Cleveland, C., C. & St. L. R. Co.,* 217 U. S. 157, 54 L. Ed. 708.

And it may be noted that the Federal Congress had conferred upon Federal courts jurisdiction to award attachments in cases of this kind. Revised Statutes, secs. 915, 916, ch. 255; Sec. 6, 17 Statutes 197. Barnes Judicial Code, sec. 1284. The commerce clause of the Federal Constitution does not render nugatory the ordinary processes of court, nor was the Carmack Amendment intended to supersede or render ineffective orderly administration of justice. Any court proceeding against an interstate carrier or a corporation engaged in interstate business more or less interferes with that business, but it places no direct or undue burden upon interstate traffic and is not in conflict with the Federal Constitution.

True, it has been held time and again that a state cannot burden interstate commerce or pass laws which amount to the regulation of such commerce, but this is a long way from holding that the ordinary processes of the courts are not effective to reach the property of a corporation engaged in interstate business, and it is very certain that when Congress enacted the interstate commerce law it did not intend to abrogate the attachment laws of the state. *International Harvester Co.* v. *Kentucky,* 234 U. S. 579, 58 L. Ed. 1479; *Davis* v. *Cleveland, C., C. & L. R. R. Co.,* 217 U. S. 157, 54 L. Ed. 708.

*F. M. West,* for appellants in reply to *amicus curiae.*

We respectfully submit that counsel is mistaken in his contention that Congress has conferred jurisdiction upon a Federal court to award attachment in cases like the instant one, for a most casual reading of the federal statute will show that it has reference only to common-law-action. An attachment in chancery against a non-resident defendant is not a common-law action but is an equitable remedy by statute. The supreme court of the United States has distinctly held in the cases of: *Big Vein Coal Co.* v. *Read,* 229 U. S. 31; *Laborde* v. *Ubarre,*

214 U. S. 174, that such an attachment as is sought to be made here cannot issue out of a Federal court.

Argued orally by *Fred M. West* for appellant, and *W. E. Morse* for appellee.

SYKES, P. J., delivered the opinion of the court.

The appellee by attachment in chancery sued the Missouri Pacific Railroad Company, a corporation organized under the laws of the state of Missouri and the two appellant railroad companies, alleging in his bill that the Missouri Pacific Railroad Company, as the initial carrier of certain live stock, contracted to transport this stock from Wichita, Kan., to Jackson, Miss., and deliver same to Terry, and that the stock were negligently injured in transit. The damages are laid in the sum of two hundred ninety dollars.

Garnishments were prayed directed to the two appellant railroad companies. In other words, this is an attachment suit in chancery against the Missouri Pacific Railroad Company with garnishments issued against the two appellant railroad companies. The two garnishees answered, denying that they were indebted to the Missouri Pacific Railroad Company, but admitted having in their possession both loaded and empty cars of the principal defendant, which came into their possession in interstate commerce. The answer further alleges that the Missouri Pacific Railroad Company has no railway line in the state of Mississippi, and that its cars were only delivered to the garnishees within the state of Mississippi in interstate commerce. The answer then alleges that this suit is based upon what is commonly known as the Carmack Amendment of June 29, 1906 (34 St. 584), as subsequently amended, being a part of an act to regulate interstate commerce; that this act complainant is not given a right to maintain this suit.

It is further alleged that the chancery court has no jurisdiction to try this cause was the reason that the Missouri Pacific Railroad Company has no railway line

Sept., 1924] Illinois Cent. R. Co. *v.* Terry. 377

137 Miss.]                    Opinion of the Court.

nor any agents within this state; that, if the Mississippi attachment laws should be construed as giving complainant the right to maintain this suit, they will be violative of the interstate commerce clause of the Federal Constitution (section 8, article 1). From a decree in favor of the complainant for the amount sued for this appeal is here prosecuted by the garnishees.

The first contention of the appellants is as follows:

"The attempt to force litigation of this cause of action in Mississippi is an unreasonable and unnecessary burden on interstate commerce, and repugnant to the commerce clause of the Constitution of the United States."

The two cases relied upon for this contention by able counsel for the appellant are *Railway Co.* v. *Wells,* 265 U. S. 101, 44 S. Ct. 469, 68 L. Ed. 928, and *Davis* v. *Farmers' Co-Op. Equity Co.,* 262 U. S. 312, 43 S. Ct. 556, 67 L. Ed. 996. Neither of these cases is applicable.

In the Wells case the suit was brought in the state court of Texas. The plaintiff Wells was a citizen of Colorado, and the defendant railway company was a Kansas corporation, without any railway lines in Texas, while the personal injury sued for occurred in New Mexico. A Texas railroad was garnisheed which owed sums of money as traffic balances to the defendant railroad company. In other words, neither the plaintiff nor the defendant was a citizen of Texas; neither did the railway company have a line in Texas; and neither did the injury for which suit was brought occur in Texas. In this opinion the court held that for the reasons stated in the Davis case, *supra,* this suit unreasonably burdens interstate commerce. In the Wells opinion, however, it is further said:

"The rolling stock held by the garnishee was then being used in interstate commerce, and the amount due on traffic balances arose out of transactions in such commerce. These facts did not render the property immune from seizure by attachment or garnishment. *Davis* v. *Cleveland, C., C. & St. L. R. Co.,* 217 U. S. 157, 54

L. Ed. 708, 27 L. R. A. (N. S.) 823, 30 Sup. Ct. Rep. 463, 18 Ann. Cas. 907. But the writ of garnishment is void because of the purpose for which it was invoked.''

In the case of *Davis* v. *Farmers' Co-Op. Equity Co.,* *supra,* the court had under consideration a statute of Minnesota, which provided that any foreign corporation having an agent in that state for the solicitation of freight and passenger traffic over its lines might be served with summons by delivering a copy to such agent. The railroad company sued was a Kansas corporation; the plaintiff was also a Kansas corporation. The recovery sought was for loss of grain shipped under bill of lading from one point in Kansas to another point in the same state. Under this state of facts it was held that this condition imposes upon interstate commerce a serious and unreasonable burden which renders the statute obnoxious to the commerce clause. In this opinion it is also stated that:

''The fact that the business carried on by a corporation is entirely interstate in character does not render the corporation immune from the ordinary process of the courts of a state. . . . It may be that a statute like that here assailed would be valid although applied to suits in which the cause of action arose elsewhere, if the transaction out of which it arose had been entered upon within the state, or if the plaintiff was, when it arose, a resident of the state. These questions are not before us, and we express no opinion upon them.''

The opinion of the United States supreme court which is directly in point and which is controlling with us is that of *Davis* v. *Railway Co.,* 217 U. S. 157, 30 S. Ct. 463, 54 L. Ed. 708, 27 L. R. A. (N. S.) 823, 18 Ann. Cas. 907. In the Davis case cars of a railway company, similarly situated as these, were attached under the attachment laws of the statute of Illinois. It was also contended in that case that the attachment was void because of an interference with interstate commerce. After an exhaustive and learned discussion of this question with a

citation of authorities, it is there held that there was no violation of the commerce clause of the Constitution. In this opinion it is stated that:

"The interference with interstate commerce by the enforcement of the attachment laws of a state must not be exaggerated. It can only be occasional and temporary. The obligations of a railroad company are tolerably certain, and provisions for them can be easily made. Their sudden assertion can be almost instantly met, at any rate, after short delay and without much, if any, embarrassment to the continuity of transportation. However, the pending case does not call for a very comprehensive decision on the subject. We only decide that the cars situated as this record tends to show that they were when attached, and the amounts due from the garnishee companies . . . were not exempt from process under the state laws, and that the court had, therefore, jurisdiction of them. . . ."

In the present case the amount sued for is small. There was no difficulty whatever in making bond to release the property attached. Certainly in this case there was no interference with interstate commerce.

The latest expression of the supreme court of the United States upon this subject, however, is in the case of *State of Missouri ex rel. St. Louis, Brownsville & Mexico Railway Co.* v. *Wilson A. Taylor,* 45 S. Ct. 47, 69 L. Ed. —, decided on October 17, 1924. The opinion in this case is rendered by the same learned judge who likewise wrote the opinions in the Wells case and the Farmers' Co-Op. Equity case, *supra.* The parties in that case are similarly situated as those in the case under consideration. In this opinion Mr. Justice BRANDEIS says, in differentiating it from the Farmers' Co-Op. case and the Wells case, *supra*:

"Here, the plaintiff consignee is a resident of Missouri—that is, has a usual place of business within the state; the shipment out of which the cause of action arose was of goods deliverable in Missouri; and, for

aught that appears, the negligence complained of occurred within Missouri. To require that, under such circumstances, the foreign carrier shall submit to suit within a state to whose jurisdiction it would otherwise be amenable by process of attachment does not unreasonably burden interstate commerce."

The next contentions of appellants are as follows:

"Cause of action herein is given by Federal law, and therefore to be determined by Federal law. As Federal law does not grant right of attachment without personal service of process, state statutes cannot grant such right in a cause of action based on a Federal statute. In cause of this kind Missouri Pacific immune from attachment in Federal court, and therefore must be immune from attachment in state court.

"No attachment under Federal law without personal service.

"Right of attachment on the part of plaintiff and immunity from attachment on part of defendant are substantive rights, and these rights must be administered in state courts in the same manner as in Federal courts. The right of action and liabilities under the Carmack Amendment cannot be subtracted from, added to, or modified by state law."

These questions are likewise settled in the Taylor case, *supra.* We quote from that opinion:

"Congress created the right of action. It might have provided that right shall be enforceable only in a Federal court. It might have provided that state courts shall have concurrent jurisdiction only of those cases which, by the applicable . . . law, could, under the same circumstances, have been commenced in a Federal court for the particular state. But Congress did neither of these things. It dealt solely with the substantive law. As it made no provision concerning the remedy, the Federal and the state courts have concurrent jurisdiction. . . . The Federal right is enforceable in a state court whenever its ordinary jurisdiction is pre-

scribed by local laws is appropriate to the occasion and is invoked in conformity with those laws.   .   .   .

"Missouri conferred jurisdiction over claims of this nature upon the court in which the consignee sued.   Under its law, this jurisdiction may be exercised, to the extent of applying property attached to the satisfaction of a claim, even though personal service cannot be made upon the defendant.   That remedy is one which was not available to the consignee in the Federal court for Missouri.   But this fact is not of legal significance.   .   .   . The origin of the right does not affect the manner of administering the remedy.   The grant of concurrent jurisdiction implies that, in the first instance, the plaintiff shall have the choice of the court.   As an incident, he is entitled to whatever remedial advantage inheres in the particular forum.''

The decree of the lower court is affirmed.

*Affirmed.*