### JURISDICTION OVER FOREIGN CARRIER NOT ACQUIRED BY MERE PASSAGE OF SHIPMENT THROUGH OHIO.

Common Pleas Court of Hamilton County.

## S. CATANZARO & SONS VS. THE CENTRAL OF GEORGIA RAILWAY CO.*

Decided February, 1926.

*Jurisdiction—Suit Against Foreign Carrier for Damage to Shipment—Court Not Justified in Assuming Jurisdiction Merely Because Shipment Passed Through Ohio.*

In a suit against a foreign carrier maintaining no trackage in Ohio and no offices except those of commercial or soliciting agents, for damages to a shipment originating in another state and passing through Ohio to destination in still another state, there being no allegation that the damage occurred while goods were in this state, the mere fact that the shipment passed through Ohio would not justify a court of this state in assuming jurisdiction of the case.

*Hightower, O'Brien & Porter,* for the plaintiff.
*Freiberg, Avery & Simmonds,* for defendant.

.DARBY, J.

This is a motion to quash pretended service of summons. The plaintiff is a non-resident of Ohio, as is also the defendant.

A shipment of fruit originated at Fort Valley, Georgia, consigned to plaintiff at Pittsburgh, Pennsylvania. The

---

*Error not prosecuted.

claim is that in transit the shipment was damaged, for which plaintiff seeks recovery.

It is not claimed that the defendant owns or operates any railway in Ohio, or that it maintains here any employes except what are known as commercial or soliciting agents.

The only fact upon which it is claimed that plaintiff may maintain this action in Ohio is that in the course of the shipment it was carried through some part of the state of Ohio. There is no allegation of injury to the goods in the state of Ohio. The question in the case is: "Does the fact that the shipment moved through Ohio confer jurisdiction on the courts of this county?

The court believes that the correct answer to this question is to be found in *Davis* v. *Farmers Co-operative Company*, 262 U. S., 312- 317, where the court say:

"* * * But orderly, effective administration of justice clearly does not require that a foreign carrier shall submit to a suit in a state in which the cause of action did not arise, in which the transaction giving rise to it was not entered upon, in which the carrier neither owns nor operates a railroad, and in which the plaintiff does not reside."

In *Atchison Ry. Co.* v. *Wells*, 265 U. S., 101, dealing with a state statute, the Supreme Court say:

"2. A state statute permitting a citizen and resident of another state to prosecute a cause of action which arose elsewhere against a railroad corporation of another state which is engaged in interstate commerce and neither owns nor operates a railroad nor has consented to be sued in the state where the action is brought is so far invalid. *Davis* v. *Farmers Co-operative Company*, 262 U. S., 312."

This principle is not modified by the case of *St. Louis B. & M. Ry.* v. *Taylor*, 266 U. S., 200, in which case where,

"a Delaware corporation having a usual place of business in Missouri brought an action in a Missouri court against a Texas corporation which operated a railroad in Texas only, and had no place of business, nor had con-

sented to be sued in Missouri, the cause of action being damage done, possibly in Missouri, to freight shipped to that state from Texas over defendant's line, on a through bill of lading, and the basis of jurisdiction in Missouri being the garnishment of traffic balances due the defendant from a connecting interstate carrier having a place of business there,"

it was held:

"That the Missouri attachment law, by requiring interstate carriers to submit to garnishment in such circumstances did not unreasonably burden interstate commerce."

The case of *Loftus* v. *Penna. Rd. Co.*, 107 O. S., 352, was referred to in argument, and contains much discussion more or less applicable to the question involved in this case.   On page 369 the court makes observations pertinent to the situation in this case as follows:

"We are not required to justify the acts of the legislature, but it might very pertinently be remarked at this point that the courts of our state are maintained at considerable expense, and only a small fraction of such expense is charged to litigants, the major portion being met by taxes, and levied upon the property of the state.   The constitutional mandate that all courts shall be open does not require that the burdens of taxation in a single state shall be further increased to provide remedies by judicial process for those who for reasons of their own prefer to reside in other states.   It may be further remarked that the statute makes ample provisions for the stranger within our gates if injured in person or property while sojourning in or traveling through the state."

There seems to be no authority or justification for the courts of this state to assume jurisdiction in a case such as this, where the only possible ground for exercising it is that in transit the shipment passed over the line of a carrier within the state.   If such be the case, then a foreign carrier is liable to the suit of a foregn corporation in case of a shipment which enters the state at the Indiana line and should pass out of the state at Cincinnati.

The motion to quash the service will be granted.