CENTRAL WESTERN DEVELOPMENT CO., LIMITED, OF LON-
DON, ENG., v. LEWIS.*

(Division A. March 29, 1926.)

[107 So. 557. No. 25573.]

1. CORPORATIONS. *Place of its creation ordinarily determines residence
   of corporation within meaning of attachment statute; foreign
   corporation doing business in state under laws thereof will be
   deemed "nonresident" within attachment statutes (Code 1906,
   section 537 [Hemingway's Code, section 294]).*

   The place of its creation ordinarily determines the residence of a
   corporation within the meaning of an attachment statute, and a
   foreign corporation doing business in the state under the laws
   thereof will be deemed a nonresident within section 537, Code of
   1906; Hemingway's Code, section 294, which makes nonresidence
   a ground for attachment.

2. CORPORATIONS. *Statute subjecting foreign corporations doing busi-
   ness in state to suit to same extent that domestic corporations
   are held not to domesticate foreign corporations or relieve them
   of liability to attachment on ground of nonresidence (Code 1906,
   sections 537, 919 [Hemingway's Code, sections 294, 4093]).*

   Section 919, Code of 1906 (Hemingway's Code, section 4093), which
   subjects foreign corporations found doing business in this state
   to suit here to the same extent that corporations of this state
   are, does not domesticate such foreign corporations, or relieve
   them of liability to attachment on the ground of nonresidence.

3. CORPORATIONS. *In action on contract against corporation for graft-
   ing pecan trees, it is unnecessary to designate agent of corpora-
   tion who made contract, or to allege that trees grafted thereun-
   der were on land owned by corporation.*

   In a bill of complaint against a corporation, in which the com-
   plainant seeks to recover on a contract for grafting pecan trees,
   alleged to have been made with the complainant by the corpora-
   tion, it is unnecessary for the bill to designate the agent of the
   corporation who made the contract, or to allege that the trees
   grafted thereunder were on land owned by the corporation.

4. CONTRACTS. *In action on contract for grafting pecan trees, fulfill-
   ment of guaranty that each tree grafted would produce living*

*head is not required to be pleaded as condition precedent to right of recovery, but is matter of defense, to be raised by answer.*

In a suit to recover for the grafting of pecan trees, on a contract which provides for payment at the end of each week for the number of trees grafted, and in which the complainant guarantees that each tree grafted would produce a living head, and promises to regraft any which failed so to do, the fulfillment of this guaranty is not a condition precedent to the right of the complainant to recover for grafting the trees, but is a matter of defense to be raised by answer.

---

*Corpus Juris-Cyc. References: Attachments, 6CJ, p. 51, n. 82; Contracts, 13CJ, p. 725, n. 20 New; Corporations, 14aCJ, p. 1225, n. 94; p. 1392, n. 83; p. 1393, n. 98 New; p. 1420, n. 16; Liability of foreign corporation which has complied with conditions of doing business in state to attachment as nonresident, see note in 31 L. R. A. (N. S.) 278; L. R. A. 1915D, 116; 2 R. C. L., p. 820; 1 R. C. L. Supp., p. 636; 12 R. C. L., p. 105; 2 R. C. L. Supp., p. 1392; Effect of domestication on attachment of foreign corporation see note in 18 A. L. R. 140; 12 R. C. L., p. 40.

APPEAL from chancery court of Warren county.

Hon. E. N. Thomas, Chancellor.

Attachment in chancery by J. E. Lewis against the Central Western Development Company, Limited, of London, England, and another. From a judgment overruling defendant Central Western Development Company's demurrer and motion to quash the attachment, it appeals. Affirmed and remanded.

*Henry, Canizaro & Henry,* for appellant.

I. *The chancery court of Warren county was without jurisdiction.* The jurisdiction of the chancery court can be employed only when the bill of complaint and the proceedings make a case in strict compliance with the attachment statute. See 6 C. J., p. 36, sec. 12. The court will observe that we are not dealing with an attachment at law. The first ground of attachment in the courts of law is that "the defendant is a foreign corporation or non-resident of the state." Whereas, attachment in chancery, under section 536, is issued against any non-

resident absent or absconding debtor; in other words the fact in this case that this defendant was or claimed its original existence and charter by the law of England is immaterial under the attachment in chancery, unless it was a non-resident or an absent or absconding debtor. There is no intimation that this defendant was an absent or absconding debtor, nothing of that sort is claimed, the bill says it maintained an office and principal place of business in Warren county, etc. We, therefore, restrict our argument to the point of whether or not the appellant is a non-resident.

The bill alleges that the defendant was the owner of certain lands, tenements and personal property, such as mules, horses, wagons, tractors and agricultural implements situated in Warren county, Mississippi, and that the defendant "maintained an office and *principal place of business* in Warren county, Mississippi, and has a secretary or manager in charge of said office . . ."

The original history of the attachment law is based upon the facts that the defendant could not be served with ordinary process and was truly and personally served. There is a distinction between residence and domicile. We might admit at this time that the defendant's original domicile was in London, England; yet notwithstanding that fact, it is a resident of Mississippi. *Morgan* v. *Nunes,* 54 Miss. 308, draws a great distinction between residence and domicile.

II. *The defendant's rights are controlled by section 919, Code of 1906.* The transaction was, as a whole, within this state and concerned property situated in the state. So this defendant comes within the purview of section 919, Code of 1906. Therefore, this defendant is "subject to suit here to the *same extent* that corporations of this state are by the law thereof." The appellant is a resident of this state and is, therefore, given the same protection that is given a domestic corporation.

Both must be sued by the same law and both are given the same protection under the law. *Saxony Mills* v. *Wagner et al.*, 94 Miss. 237.

It is held by some of the states under their particular statute that the compliance of doing business within the state does not exempt foreign corporations from attachment when the statute merely fixes a penalty for the noncompliance. In each instance, however, it depends upon the provisions and the construction of the particular statute. 2 R. C. L., pp. 820-25. But our statute in plain and unabridged terms places foreign corporations which are residents of the state and doing business here on the same footing with domestic corporations and no construction of that statute is required. In *Brand* v. *Auto Service Co.*, 75 N. J. L. 230, 67 Atl. 19, it was held that a corporation is a resident irrespective of its domicile when it does business in the state and its officers reside there, upon whom process may be served. See, also, *Phillipsburg Bank* v. *Lackawanna R. Co.*, 27 N. J. L. 206; *Goldmark* v. *Magnolia Metal Co.*, 65 N. J. L. 341. Also *Stonega Cake & C. Co.*, v. *Southern Steel Co.*, 131 S. W. 988, 31 L. R. A. (N. S.) 278.

III. *The bill of complaint is demurrable and the court erred in overruling the appellant's demurrer.* The gravamen of the action is based upon two inconsistent theories. The allegations of the bill, however, tend to show that the written contract was superseded according to complainant's theory, by a verbal one. It is evident that the complainant had been paid for the fourteen hundred pecan trees agreed on by the written contract, but the complainant does not state in his bill at whose special instance and request, by what agency of the Central and Western Corporation, was he induced to graft the additional ninety-eight hundred pecan trees. It does not give to the court the benefit, as is its due, of knowing through what agency this verbal contract was made, in order that the defendant may know whether that agent was or was not authorized. Furthermore, on whose land

were these ninety-eight hundred trees grafted? How does the complainant expect to hold the Central and Western Corporation for this additional work that he claims? Under what authority and under what theory?

*Brewer, Brewer & McGehee,* for appellee.

Appellant takes the position that the defendant had an office or place of business in the state and, therefore, was not subject to attachment in chancery, but cites no authority in support of this view. He cites some authority that where a foreign corporation is domesticated in a state and the legislature has provided a domestication act, that the corporation becomes as a domestic corporation and not subject to attachment and that its property could not be attached in chancery. But there is no allegation or suggestion that this foreign corporation, domiciled in England as alleged in the bill, has ever become domesticated in Mississippi or had ever filed its charter in this state or attempted to become domesticated. Counsel just assumes because they have an office in the state of Mississippi and an officer that that makes them a domestic corporation. Remember this bill provides and charges plainly that this defendant is a non-resident and a foreign corporation, and this is admitted by the demurrer, and the summons is served under the statute upon the garnishee in strict compliance with the statute of the state.

Counsel contends that there are conditions precedent to complainant's right of recovery under the contract, and the complainant must affirmatively show compliance with these conditions. He seems to overlook the charge in complainant's bill which sets out that defendant induced complainant to "go ahead and graft under said contract a large number of trees in excess of the said contract, at the same price," and that said complainant grafted, at defendant's request, ninety-eight hundred pecan trees in strict accordance with their agreement or contract

and was indebted to him in the sum of two thousand one hundred thirty-nine dollars and fifty cents, with interest thereon.

If defendant had any contentions to make along this line, it would be defensive and not a proper subject of demurrer. We content ourselves with the statement that the chancellor was correct in overruling the demurrer to the bill.

SMITH, C. J., delivered the opinion of the court.

This is an attachment in chancery under section 537, Code of 1906 (Hemingway's Code, section 294), providing for an "attachment of the effects of a nonresident, absent or absconding debtor in the hands of persons in this state," etc.

The bill alleges, in substance, that the appellant is a corporation, created under the laws of and domiciled in England, "maintains an office and principal place of business in Warren county, Miss.," with a secretary or manager in charge thereof, and owns land and personal property situated in Warren county; that it entered into a written contract with the appellee, by which the appellee agreed to graft one thousand four hundred pecan trees growing on the appellant's land for which appellant agreed to pay him the sum of fifty cents per tree and to make settlement at the end of each week for the number of trees grafted; that the appellee grafted the trees covered by the written contract, and, in addition thereto, "the defendant induced the complainant to go ahead and graft under said contract a large number of trees in excess of the said contract, at the same price, and that said complainant grafted, at defendant's request, nine thousand eight hundred pecan trees in strict accordance with their agreement," for the grafting of which defendant owes the complainant a balance of two thousand one hundred thirty-nine dollars and fifty cents.

142 Miss.—28.

The Citizens' National Bank of Vicksburg, Miss., was made a party defendant, and is alleged to be indebted to or to have money or effects in its hands belonging to the appellant. The bill was answered by the Citizens' National Bank, but the Central Western Development Company demurred thereto, and also filed a motion to quash the "attachment heretofore issued." This demurrer and motion were both overruled, and an appeal to this court to settle the principles of the case was granted. The appellant's objection on the motion to quash may be disposed of by simply stating that no writ of attachment or sequestration was prayed for or issued herein. The Citizens' National Bank was simply made a party defendant to the bill, and the usual summons for that purpose was served on it, and no defect in the issuance or service thereof is here claimed.

The appellant's first contention is that, although it is a foreign corporation, it is not a nonresident of this state within the meaning of the statute hereinbefore referred to. "The place of its creation ordinarily determines the residence of a corporation within the meaning of an attachment statute," and "a foreign corporation doing business in the state under the laws thereof will be deemed a 'nonresident' within the statute making nonresidence a ground for attachment." Fletcher Cyc. Corp. vol. 1, p. 862.

Section 919, Code of 1906 (Hemingway's Code, section 4093), which subjects foreign corporations "found doing business in this state, . . . to suit here to the same extent that corporations of this state are," does not domesticate such foreign corporations or relieve them of liability to attachment on the ground of nonresidence.

The appellant's next contention is that it appears from the bill of complaint that the grafting of the one thousand four hundred pecan trees contemplated by the written contract has been paid for, and that the bill does not allege "at whose special instance and request," or by what agent of the Central Western Company, he was in-

duced to graft the additional nine thousand eight hundred pecan trees, and does not allege ''on whose land these nine thousand eight hundred pecan trees were grafted.'' It was not necessary for the bill to designate the agent of the appellant who acted for it in making this verbal contract, or to allege that the trees grafted were on land owned by the appellant. Of course, the evidence must disclose that the contract, if made, was made by an agent of the appellant acting within the scope of his authority.

The appellee, by his contract, guaranteed that the trees grafted would each produce ''a living head,'' and promised to regraft any which failed to do so, and one of the appellee's contentions is that the bill should allege a fulfillment of this guaranty. The contract does not make the compliance with this guaranty a condition precedent to the right of the appellee to demand payment for grafting the trees, for it expressly provides for payment ''at the end of each week for the number of trees grafted.'' Consequently, any breach which the appellant may have committed of this guaranty or warranty is a matter of defense to be made by answer.

The decree of the court below will be affirmed, and the appellee will be allowed thirty days in which to answer the bill of complaint after the filing of the mandate in the court below.

*Affirmed and remanded.*