CLARK *v.* LOUISVILLE & N. R. Co. *et al.*

(En Banc. Oct. 13, 1930.)

[130 So. 302. No. 28321.]

288

**F. B. Collins**, of Laurel, for appellant.

**Smith & Johnston**, of Mobile, Alabama, for appellees.

Argued orally by **Harry H. Smith**, for appellee.

**Ethridge, J.**, delivered the opinion of the court (after stating the facts above.)

This action was instituted under section 307, Hemingway's Code 1927, to subject the debts and property in the hands of the M. & O. Railroad Company, the I. C. Railroad Company, and the N. O. N. E. Railroad Company to the demands of the plaintiff for personal injuries suffered while in the employ of the L. & N. Railroad Company at the time in the state of Kentucky. Section 307, supra, reads as follows:

"307. The chancery court shall have jurisdiction of attachment suits based upon demands founded upon any indebtedness, whether the same be legal or equitable, or for the recovery of damages for the breach of any contract, express or implied, or arising ex delicto against any nonresident, absent or absconding debtor, who has lands and tenements within this state, or against any such debtor and persons in this state who have in their hands effects of, or are indebted to, such nonresident, absent or absconding debtor. The court shall give a decree in personam against such nonresident, absent or abscond-

ing debtor if summons has been personally served upon him, or if he has entered an appearance."

We shall first notice the contention that the L. & N. Railroad Company is not a nonresident corporation of the state of Mississippi within the purview of this section because it has a line of railroad with stations and agents in this state in the counties of Jackson, Harrison, and Hancock upon whom service of process may be had. In Central Western Development Co. v. Lewis, 142 Miss. 428, 107 So. 557, section 308 of Hemingway's Code 1927 was construed, and it was held that the place of its creation ordinarily determines the residence of a corporation within the meaning of an attachment statute, and a foreign corporation doing business in the state under the laws thereof will be deemed a nonresident under section 537, Code 1906, section 308, Hemingway's Code 1927. It was further held in that case that section 919, Code 1906, section 4093, Hemingway's Code 1917, section 4506, Hemingway's Code 1927, subjecting foreign corporations doing business in this state to suit to the same extent that corporations of this state are, does not domesticate such foreign corporations or relieve them of liability to attachment on the ground of nonresidence.

In Aetna Ins. Co. v. Robertson, 126 Miss. 387, 88 So. 883, it was held that the word "nonresident," as used in section 536, Code 1906, section 307, Hemingway's Code 1927, authorizing attachment in chancery against nonresidents, includes insurance companies domiciled in other states which have not become domesticated under the laws of this state, although under the laws of this state process may be served upon the insurance commissioner, and when so served has the effect of authorizing the rendition of a personal judgment against such insurance company. In other words, it was held that although process could be served upon agents of insurance companies doing business in this state, and that such service would warrant the rendition of personal

judgments against them in such suits, that did not prevent them from being nonresidents within the meaning of this section.

We are therefore of the opinion that the L. & N. Railroad Company is a nonresident of the state within the purview of section 307, Hemingway's Code 1927, section 536, Code 1906.

It is argued that this section does not specifically fix the venue of suits, but that section 501, Hemingway's Code 1927, section 708, Code 1906, Laws 1926, chapter 148, provides the venue for suits against railroad, express, steamboat, superpower, telegraph, telephone corporations, or against individuals owning and operating such lines, and states that such suits may be brought in any county in which any part of such railroad, etc., corporations may be, and that this section controls and that as the L. & N. Railroad Company has a line of railroad in this state and is doing an intrastate, as well as an interstate business, and has agents upon whom process may be served, and that such suit must be brought in one of the counties where its line may be. Section 336, Hemingway's Code 1927, section 561, Code 1906, provides for suits to confirm titles to real estate and to cancel clouds or remove doubts therefrom, shall be brought in the county in which the land or some part thereof is situated, and suits against executors, administrators, or guardians, touching the performance of their official duty, and for accounts and settlements by them, and suits for the distribution of personalty of decedents among the heirs, and suits for the payment of legacies, shall be brought in the chancery court in which the will was submitted to probate; or where letters of administration were granted, or where the guardian was appointed, and other suit may be brought in the chancery court in the county in which the property, or some portion thereof, may be; and all cases not otherwise provided for may be brought in the chancery court of any county where the defendant,

or necessary party may reside or be found, and in all cases, process may issue to any county to bring in defendants, and to enforce all orders and decrees of the court. It is argued that this section is not applicable because the M. & O., the I. C., and the N. O. N. E. Railroads are not necessary parties defendant, and that consequently the suit must be brought in the county where the L. & N. Railroad company has a railroad line and agents upon whom process may be served.

Section 307, Hemingway's Code 1927, section 536, Code 1906, provides for primarily a suit in rem to subject property or effects in the hands of resident defendants owing debts to nonresidents to the demand of any indebtedness due to a complainant. It is only in cases where personal summons has been served upon the defendant in the state, or where it has entered an appearance, that a personal judgment can be rendered against it. To maintain a proceeding under this section it is necessary to have some resident of the state who has property or effects in his possession, or who owes debts to a nonresident, made a defendant, and consequently such person owing such debt, or having such property in his possession, is a necessary party to maintain an action under this section.

It is true there might have been a suit for a personal judgment against the L. & N. Railroad Company without attaching its property, or it may have been attached in a suit at law in particular cases, but that could not have been done under the said statute. The defendant who owes debts, or who has personal effects in his possession, is a necessary party, and a suit may be brought in the county where the defendant, or defendants, having such property in his or their possession, or any one of them, may be found.

The suit before us is one arising ex delicto, and by the express provisions of the statute, this proceeding in chancery may be had upon such claim by attachment in a proper case.

Section 501, Hemingway's Code 1927, above referred to, fixes the venue against a railroad or other corporation or individual named therein, when sued alone, but if there be suits against two or more railroad corporations, owning railroad lines, or other property, and necessary defendants, or the several defendants live in separate counties, the section is not applicable, but the suit falls under the provisions of section 500, Hemingway's Code 1927, section 707, Code 1906, chapter 155, Laws 1926, in actions at law, and under section 336, Hemingway's Code 1927, in suits at chancery.

Ordinarily, attachment may be instituted in the county where the property, or where a garnishee, may be found, and is not removable to the county where a defendant resides for trial even though such defendant be a freeholder or householder of the county of his residence. In Baum v. Burns, 66 Miss. 124, 5 So. 697, an attachment at law was sued out by Baum & Company against Burns and one McLaurin in Lauderdale county, where it was suggested by affidavit that Marks, Rothenberg & Company, residents of Lauderdale county, were indebted to defendants and were served as garnishees. The garnishees answered denying the indebtedness. The defendants, Burns and McLaurin, filed a motion to have the case transferred to the circuit court of Smith county where they resided, which motion was sustained and the cause was transferred. It was held in the opinion by Chief Justice ARNOLD that the proper court of a garnishee's residence has jurisdiction against a householder who resides in another county to whom the garnishee is indebted, citing Smith v. Mulhern, 57 Miss. 591; and it was further held that it was error to change the venue to Smith county where defendants were householders and resided. It was the law then, as it is now, that by section 500, Hemingway's Code 1927, if a citizen, a resident of the state, shall be sued in any action not local out of the county of his household and residence, the venue shall

be changed, on his application, before the jury is impaneled, to the county of his household and residence. This provision, however, did not, in the case referred to, warrant the change of venue from the county the attachment was sued out in and where the garnishee was served with process.

We therefore conclude that as the defendant the M. & O. Railroad Company was found and served with process in Wayne county, the chancery court of that county had jurisdiction, although the L. & N. Railroad Company had a line of railroad in other counties and agents there upon whom process could be served, and did not have any agent or line of railroad in Wayne county, and no property there that could be attached.

In the case before us, we have four of the defendants, each of whom is a railroad company, and each of whom run through several counties in the state, but all of them did not have lines of railroad and agents in the same county. It was necessary, therefore, that the suit should be brought where some of them did not have a line of railroad, or agent upon whom process could be served. We do not think this is material. Where there are several defendants, suit may be brought where one of them resides or may be found, and the others may be brought into the jurisdiction of the court for the purpose of suit. If all of the corporations were domesticated and each of them lived in a separate county from the others, a suit could be brought in one county where one necessary defendant to the suit lived, and the others could be brought into that jurisdiction for the purpose of suit.

We do not think there is anything in the suit before us which brings into play the principles announced in Power Mfg. Co. v. Saunders, 274 U. S. 490, 47 S. Ct. 678, 71 L. Ed. 1165. There is no discrimination against either of the defendants. One has no more right to its particular county than the others. They are all necessary parties to the suit, and the suit could have been maintained in

any county where either of them might have been found, or where they had a line of railroad and were doing business.

A state has the right to fix venue of actions according to its conception of what is necessary to best administer justice in its courts. It is not necessary for it to fix the venue of an action in any one particular place. It cannot unreasonably discriminate between classes of defendants, but, having reference to reasonable conditions, it may fix the venue of actions according to its judgment of convenience, justice, etc. The state is the judge so long as it does not unreasonably discriminate between litigants or classes of litigants. Section 500, Hemingway's Code 1927, fixes the venue for suits at law; section 501, Hemingway's Code 1927 fixes the venue of suits against certain corporations and individuals; section 502, Hemingway's Code 1927, fixes the venue against insurance companies; section 503, Hemingway's Code 1927, fixes the venue in actions against executors, administrators and guardians; section 504, Hemingway's Code 1927, fixes the venue where the judge is interested; section 505, section 506, sections 507, 508 and 509, Hemingway's Code 1927, provide for venue in particular cases.

The mere fact that a railroad company has property and does a local business in the state and has agents in the state upon whom process may be served authorizing a personal judgment in the ordinary proceedings at law does not prevent the state subjecting it to attachment on the ground of nonresidence, while a domestic corporation doing like business is not subject to attachment. It is permissible for a state to authorize attachment proceedings on nonresidence alone. A nonresident corporation has privileges which a domestic corporation does not enjoy, and it may remove its records from the state to its home office and thus place them outside the jurisdiction of the state. It may also remove its personal effects outside the state and prevent the state subjecting them to

statutory demands. We are therefore of the opinion that the statutory proceedings applied to the defendant the Louisville & Nashville Railroad Company do not deny it the equal protection of the law. See the authorities above cited, and also Central Loan & Trust Co. v. Campbell Commission Co., 173 U. S. 84, 19 S. Ct. 346, 43 L. Ed. 623; Ownbey v. Morgan, 256 U. S. 94, 41 S. Ct. 433, 65 L. Ed. 837, 17 A. L. R. 873; De Bearn v. Safe Deposit & Trust Company of Baltimore, Maryland, 233 U. S. 24, 34 S. Ct. 584, 58 L. Ed. 833; 12 C. J. 1110, section 826.

We are therefore of the opinion that the suit was properly brought in Wayne county, and that the court had jurisdiction of each of the defendants if they were brought into court in the manner prescribed by law.

It is argued that given the construction we have given the above statute, the suit would be in conflict with the commerce clause of the constitution, under the decisions in Davis v. Farmers' Co-op. Equity Co., 262 U. S. 312, 43 S. Ct. 556, 558, 67 L. Ed. 996, and Atchison, Topeka & Santa Fe Railroad Co. v. Wells, 265 U. S. 101, 44 S. Ct. 469, 68 L. Ed. 928. We do not think this contention is well taken. In Davis v. Farmers' Co-op. Equity Co., supra, it was held that the fact that the business carried on by a corporation is entirely interstate in character does not render the corporation immune from the ordinary process of the courts of a state, citing International Harvester Co. v. Kentucky, 234 U. S. 579, 34 S. Ct. 944, 58 L. Ed. 1479. Further on in the opinion it was held that: "The requirements of orderly, effective administration of justice are paramount. In Kane v. New Jersey, 242 U. S. 160, 167, 37 S. Ct. 30, 61 L. Ed. 222, 226, a statute was sustained which required non-resident owners of motor vehicles to appoint a state official as agent upon whom process might be served in suits arising from their use within the state, because the burden thereby imposed upon interstate commerce was held to be a reasonable requirement for the protection of the public."

In the case of International Harvester Co. v. Kentucky, 234 U. S. 579, 34 S. Ct. 944, 946, 58 L. Ed. 1479, the court said:

"It is further contended that, as enforced by the decision of the Kentucky court, the law, in its relation to interstate commerce, operates to burden that commerce. It is argued that a corporation engaged in purely interstate commerce within a state cannot be required to submit to regulations such as designating an agent upon whom process may be served as a condition of doing such business, and that as such requirement cannot be made, the ordinary agents of the corporation, although doing interstate business within the state, cannot by its laws be made amenable to judicial process within the state. The contention comes to this: so long as a foreign corporation engages in interstate commerce only, it is immune from the service of process under the laws of the state in which it is carrying on such business. This is indeed, as was said by the court of appeals of Kentucky, a novel proposition, and we are unable to find a decision to support it, nor has one been called to our attention. True, it has been held time and again that a state cannot burden interstate commerce or pass laws which amount to the regulation of such commerce; but this is a long way from holding that the ordinary process of the courts may not reach corporations carrying on business within the state which is wholly of an interstate commerce character. Such corporations are within the state, receiving the protection of its laws, and may, and often do, have large properties located within the state. In Davis v. Cleveland, C., C. & St. L. R. R. Co., 217 U. S. 157, 30 S. Ct. 463, 54 L. Ed. 708, 27 L. R. A. (N. S.) 823, 18 Ann. Cas. 907, this court held that cars engaged in interstate commerce and credits due for interstate transportation are not immune from seizure under the laws of the state regulating garnishment and attachment because of their connection with interstate commerce, and it was rec-

ognized that the states may pass laws enforcing the rights of citizens which affect interstate commerce, but fall short of regulating such commerce in the sense in which the constitution gives sole jurisdiction to congress; citing Sherlock v. Alling, 93 U. S. 99, 103, 23 L. Ed. 819, 820; Johnson v. Chicago & P. Elevator Co., 119 U. S. 388, 7 S. Ct. 254, 30 L. Ed. 447; Kidd v. Pearson, 128 U. S. 1, 23, 9 S. Ct. 6, 32 L. Ed. 346, 351, 2 Inters. Com. Rep. 232; Penn. R. R. Co. v. Hughes, 191 U. S. 477, 24 S. Ct. 132, 48 L. Ed. 268; and The Winnebago, 205 U. S. 354, 362, 27 S. Ct. 509, 51 L. Ed. 836, 840, in which this court sustained a lien under the laws of Michigan on a vessel designed to be used in both foreign and domestic trade.''

In the case of Hoffman v. Missouri, 274 U. S. 21, 47 S. Ct. 485, 71 L. Ed. 905, it was held that a state may authorize its courts to proceed under the Federal Employers' Liability Act (45 U. S. C. A., sections 51-59) against one of its corporations to recover damages for the death of a nonresident caused by injuries occurring in the state of his domicile, where the corporation has offices and an agent for the transaction of its business within the territorial limits of the court, notwithstanding the railroad company could have been sued in the state court where the accident occurred, and interstate commerce may be incidentally burdened by the necessary taking of material witnesses away from their work and subjecting defendant to unnecessary expense. In the case of Atchison, Topeka & Santa Fe R. R. Co. v. Wells, supra, it was held that railroad rolling stock was used in interstate commerce, and that traffic balances due its owner by another road arose out of interstate transactions do not render them immune from seizure on attachment or garnishment in a proceeding against the owner. A study of this case, and the case of Davis v. Farmers Co-op. Equity Co., 262 U. S. 312, 43 S. Ct. 556, 67 L. Ed. 996, shows that the court did not intend to depart from its doctrine announced in the other cases referred to, but

was carefully limited to the facts of each case. It was pointed out in the case of Atchison, Topeka & Santa Fe R. R. Co. v. Wells, that the railroad company was a Kansas corporation which had not been admitted to do business in Texas, and did not own any line of railroad in Texas and had no agent there.

In the case before us, the complainant was a resident of the state of Mississippi, and the defendant the L. & N. Railroad Company, operates a line in the state, and not only does interstate business, but also does intrastate business, and may be sued in the state. We do not think that, because the cause of action arose in Kentucky, this prevents suit being brought where the plaintiff lived at the time of the injury, although he was not physically present in the state at that time. In So. Pac. Railroad Company v. Lyon, 99 Miss. 186, 54 So. 728, 34 L. R. A. (N. S.) 234, Ann. Cas. 1913D, 800, it was held that where the trustee or garnishee is found in the state, and process is personally served upon him therein, the court thereby acquires jurisdiction and can garnish the debt due from him to plaintiff's debtor, a foreign railroad corporation, provided the garnishee could himself be sued by his creditor in the state, regardless of the original situs of the debt outside the state. This was an attachment suit brought under section 536, Code 1906 against the N. O. N. E. Railroad Company, a Louisiana corporation, and the Southern Pacific Railroad Company, to subject to the complainant's claim debts due the So. Pac. Railroad Company by the N. O. N. E. Railroad Company. Both of these were nonresidents of the state of Mississippi, but the N. O. N. E. Railroad Company owned and operated a line of railroad in Mississippi, and in the county where the suit was filed. The jurisdiction of the court to entertain the suit and subject the debts due to satisfaction of the demand was sustained. This court held similarly in the case of I. C. R. R. Co. v. Terry, 137 Miss. 371, 102 So. 391, 396, a suit in attachment in chancery under the statute in-

volved in the case at bar, wherein the point was made that the attempt to force litigation in that cause of action was an unreasonable and unnecessary burden on interstate commerce, and repugnant to the commerce clause of the Federal constitution, and the cases relied on here to sustain the railroad's contentions in this case were relied on in that case, but the court held to the contrary and sustained the judgment. See also Boyett v. Boyett, 152 Miss. 201, 119 So. 299.

We are satisfied, therefore, that the contention of the appellees that the proceedings in this suit would constitute an unreasonable burden upon interstate commerce is unsound, and that the court below was in error in dismissing the suit.

We do not think the "due process law" clause is presented in this suit, as the record does not show anything to sustain a contention on that line; the manner of giving notice, and when the notice was given, not being presented in this record. Compliance with the statute would constitute due process of law for the purpose of subjecting debts due by the other defendants to the L. & N. Railroad Company to the demand of the complainant. Under the statute, a personal judgment against the L. & N. Railroad Company could only be rendered if process was personally served upon said L. & N. Railroad Company in the state, or if it entered its appearance in the court.

The judgment of the court below will be reversed, and the cause remanded.

Reversed and remanded.

**Anderson, J.**, delivered a dissenting opinion.

The appellee the Louisville & Nashville Railroad Company has a line of railroad running through the counties of Jackson, Harrison, and Hancock in this state, and

many thousand, if not several million, dollars worth of property in the state subject to execution, with numerous agents in the state subject to the process of the courts of the state.

This line of railroad runs east and west through this state along the Gulf Coast. Wayne county, where this action was brought, is some distance north of the Coast counties. Neither the Louisville & Nashville Railroad Company, nor any of the other appellees, except the Mobile & Ohio Railroad Company, has a line of railroad in Wayne county, nor do any of them do business in that county except the Mobile & Ohio Railroad Company. The latter alone has a line of railroad in Wayne county with agents subject to process. No original recovery is sought against any of the appellees except the Louisville & Nashville Railroad Company; the other railroads were made parties defendant as mere stakeholders—garnishees as this court has often held.

The venue of actions against railroad companies, whether domestic or foreign, operating in this state, is where such company has a line of railroad. Section 708, Code 1906, section 501, Hemingway's Code 1927. This statute deals specifically with the subject of venue of actions against railroad companies that have a line of road in this state, and as stated by its language applies to domestic as well as foreign corporations.

The majority opinion holds that the chancery court of Wayne county had jurisdiction by virtue of the clause next to the last of section 561, Code 1906, section 336, Hemingway's Code 1927, which provides as follows: "All cases not otherwise provided may be brought in the chancery court of any county where the defendant, or any necessary party defendant, may reside or be found."

A general statute as to venue is limited by another statute dealing specifically with the venue of certain actions therein named. Nugent v. Powell, 63 Miss. 99; Plummer-Lewis Co. v. Francher, 111 Miss. 656, 71 So. 907.

If it can be reasonably done, a statute should not be construed so as to endanger its constitutionality. My view is that the majority opinion does this.

In Power Company v. Saunders, 274 U. S. 490, 47 S. Ct. 678, 71 L. Ed. 1165, a citizen of Ohio brought an action in Saline county, Arkansas, for personal injuries sustained at Stuttgart, Arkansas, at which place the defendant maintained a warehouse and did a local business. The Arkansas statute required that suits against a domestic corporation be brought in the county in which such corporation had a place of business, or in which its chief officer resided, but permitted actions against foreign corporations to be brought in any county in the state. The court held that venue was a substantial right, and that this discrimination against foreign corporations in favor of domestic corporations as to venue was violative of the equality clause of the Fourteenth Amendment.

Under our statute, as construed by the majority opinion, a domestic railroad corporation must be sued in the county where it has a line of railroad, while a foreign railroad corporation in the state, with a line of road therein, can be sued in any county in the state where a garnishee defendant may be found.

Furthermore, under our attachment statutes, no attachment can be sued out against a domestic railroad corporation except upon condition that the plaintiff give bond to indemnify the defendant for any loss suffered by the latter because the attachment was wrongfully sued out. But that is not true of a foreign railroad corporation. No bond is required. The right of a defendant to require bond in such case appears to be rather a substantial right. And this discrimination is made regardless of the fact that the foreign corporation may be domesticated so far as actions against it are concerned, and although it may have ample property in the state subject to execution to satisfy any judgment that might be rendered in the cause. To illustrate this thought in a concrete way,

the C. & G. Railroad Company is a domestic corporation of this state. As a matter of common knowledge, and as revealed by various public records, it is doubtful whether it is solvent. The Louisville & Nashville Railroad Company has a line of railroad running across the entire south end of the state, and, as above stated, it has thousands, and perhaps millions, of dollars worth of property in the state subject to execution. It is one of the great railroad systems of the south, and is solvent, and has numerous agents in the state subject to the process of the courts. Under the majority holding, the Louisville & Nashville Railroad Company can be attached without bond, while there can be no attachment against the C. & G. Railroad Company unless bond is given.

The record in this case shows that the traffic balances garnished grew largely out of interstate commerce transactions. These traffic balances are held up without bond pending the litigation. There is some merit in the contention that the construction put upon the statutes involved by the majority opinion will unconstitutionally burden interstate commerce. Davis v. Farmers' Co-op. Equity Co., 262 U. S. 312, 43 S. Ct. 556, 67 L. Ed. 996, and A., T. & S. F. R. Co. v. Wells, 256 U. S. 101, 44 S. Ct. 469, 68 L. Ed. 928.

**Griffith, J.**, delivered a dissenting opinion.

There are several reasons which appear to my mind as sufficient for the affirmance of the decree of the learned chancellor, instead of the reversal which the majority of this court has determined to order. Some of these reasons are referred to by Judge ANDERSON, but I place my dissent in the main upon the broad ground that it is outside of the purpose and spirit of the statute here in question that any such result should follow in its application as is now here being accomplished. Recently, this court distinctly held in Federal Credit Co. v. Zepernick,

153 Miss. 489, 120 So. 173, 174, that in "concrete instances there must be given to procedural statutes that construction, if possible, which will preserve the essentials of 'harmony and consistency in our judicial system;' " and the court there looked beyond the letter of the statute and gave adherence to its purpose, and to that course of construction which would, as said, preserve the essentials of harmony and consistency in our judicial system; and that course, I think, should be followed here.

The attachment in chancery statute did not create any new remedy. As pointed out in Dollman v. Moore, 70 Miss. 267, 12 So. 23, 19 L. R. A. 222, it did no more than give distinct expression to that which had been recognized as being within chancery jurisdiction from the earliest times in this country, namely, when a debtor is absent from this state, and has property or effects here which cannot be effectively reached at law, chancery would give relief. It was never required that a litigant here should go to a foreign jurisdiction to pursue his debtor, nor take the risk that property or effects here would presently be sold or removed by the absent debtor. The rule was based upon that dominant principle that when there is no full, adequate and complete remedy at law, chancery would give relief; but there is no such case as that here, or anything which even approaches it in substance and in fact.

Equally dominant in principle is the converse that when there is a complete, adequate and certain remedy at law, there shall be in so far as purely legal litigation is concerned no recourse to chancery; and all legislation touching the procedure and the jurisdiction should be interpreted in accordance with that abiding principle—the essentials of harmony and consistency in our judicial system should be preserved. It has been by reason of that adherence in all its larger aspects that we have been able to retain in this state the rich heritage of the separate system of chancery. Abused, overburdened and

finally discarded in many states it has survived with us all the vicissitude of changes in customs and constitutions, and until now the ancient formula for resort to it has remained in principle the same as when brought to us by the parent law,—no jurisdiction in chancery in law cases, if there be an adequate, certain, complete, and convenient remedy at law.

But here we have an interpretation put upon the mere letter of a statute under which it is possible,—and with no sort of reason except the mere letter,—to admit into chancery all the railroad legal litigation in more than one-half of the area of the United States, from Massachusetts to Texas and from the Dakotas to Florida, making of it nothing but a law court,—not one of chancery. And not only, but to tie up interstate commerce traffic balances over unlimited areas, in unrestrained amounts without bond and without any sort of liability for wrongful levies. It may be in the ordinary cases of nonresidents, although owning property here in large amounts, resort to chancery could be justified for the reason that the property could perhaps be quickly disposed of thus sending the complainant to a foreign jurisdiction for relief, but there is no such possibility as to railroad property. Cessante ratione legis, cessat ipsa lex.

The lists of decisions in this state which have followed the purpose and spirit of procedural legislation rather than the letter would more than fill a printed page; and yet we have here, as it seems to me, simply an adherence to the technical letter, with no sound reason for the adherence and with a total forgetfulness of the real purpose of the statute, and a disregard of the constitutional symmetry of our judicial system. I must therefore, in sense of duty, dissent from such a result, and align myself with that view which would retain our chancery jurisdiction within its legitimate and proper constitutional sphere, when possible to do so, as is possible in this case.